## KITCHEN *v.* DEARDOFF.

Payment or acknowledgment of part of a specialty debt, within twenty years, rebuts the presumption of payment as to the whole.

ERROR to the Common Pleas of Adams county.

*May* 19.—This action was brought in February, 1844, on two sealed instruments, dated in 1820, which were written on one sheet of paper. To rebut the presumption of payment, the plaintiff showed endorsements of payments in 1824 and 1840, by one of the two obligors. He also gave in evidence receipts for these sums, produced on demand, by the administrator of the party who paid the amounts, and an admission by one of the parties to the instrument, within sixteen years, that the debt had not been paid. The defendant also gave evidence of an assertion by himself, uncontradicted by plaintiff, that but a small balance, if any, remained due. The plaintiff's exceptions were to the answer of the court to the second and third points proposed, which in substance were:

1. The presumption of payment goes to the *whole* of the debt. If any part remains unpaid, and defendants have not shown what part, plaintiffs may recover the whole.

Ans.—When the presumption of payment has arisen, such presumption may be repelled so far as plaintiff's testimony may authorize the jury so to do.

2. If there was a payment of part, and an acknowledgment of the debt within twenty years, the burden of proof is on defendant; and if other circumstances are relied on, to raise a presumption of payment, and it appears from these facts that a part did remain unpaid, such evidence raises no evidence of presumption against the claim, there being no distinct evidence what the balance was.

Ans.—When a legal presumption of payment has arisen, the burden of proof is on the obligee, and it is for the plaintiff to satisfy the jury that he is entitled to recover the whole or a part of his demand.

*Smyser*, for plaintiff in error.—The main question is, whether, on the face of the record, it appears that the court answered the second and third points of the plaintiff. It is admitted there was a reply; but we deny that there was a legal and sufficient answer.

The defendants undertook to prove that the balance alleged to be due and owing on the obligation, over and above the two direct payments made thereon, had been extinguished and satisfied in law. This

they did not attempt to do by direct evidence, but by inference to be drawn from an inference. The circumstances relied upon by the defendants, taken in connection with the lapse of time, do not raise a legal presumption of payment, so as to constitute a bar. This ground was taken in our points in the court below, but the court did not answer them. He cited Geiger *v.* Welsh, 1 Rawle, 349; Noble *v.* McClintock, 6 Watts & Serg. 62; Slaymaker *v.* St. John, 5 Watts, 27; Freeman *v.* Pennock, 1 Watts, 405.

*Cooper* and *Durkee*, for defendant in error.—The case is imperfectly stated in the paper-book. The general charge of the court is not here.

The burden of proof, to repel the presumption of payment raised by lapse of time, rested upon the plaintiff.

We insisted, in the court below, that all the proof went to show that the notes were paid in full.

It has been contended by the plaintiff's counsel, that where more than twenty years had elapsed from the time a note under seal became payable, and the bringing suit thereon, and there had been payments made (and proved) within that time thereon, he was placed in the same position as if suit had been brought within twenty years. This we contend is not the law. That there was a presumption of payment arising from lapse of time, and when this presumption arose, the plaintiff, in addition to proving his bond, was bound to show additional circumstances tending to prove that the bond was not paid.

*June* 1. PER CURIAM.—The points were not distinctly propounded, but the direction prayed seems to have been, that as the presumption of payment from lapse of time goes to the whole debt, the rebuttal of it, by proof that any part of the debt was outstanding within the twenty years, goes to the whole presumption. The law is undoubtedly so; but the direction actually given, though accurate in most particulars, did not entirely respond to the prayer. Payment of interest, or a part of the principal, within the twenty years, repels the presumption entirely; and any acknowledgment that a part of the debt is due, entitles the plaintiff to recover, not only that part, but the whole, unless payment is proved by other evidence than lapse of time. It casts the proof of payment on the defendant, as if no presumption of payment had taken place.

Judgment reversed, and a venire de novo awarded.