## Appeal of Bentley's Executors.

1. A debt which has been due and unclaimed and without recognition for twenty years, is, in the absence of explanatory evidence, to be presumed to have been paid. The burden of proof is on the creditor to show that payment of such debt has not been made.

2. Evidence that during this period the debtor had said to a stranger that he would not pay the debt, because the creditor was rich enough without it, is insufficient to overcome the presumption of payment.

3. A. died bequeathing a legacy to B., and appointing C. his executor, to whom letters testamentary were granted. About twenty-one years afterwards, C. died, having never filed his account as executor of A. Subsequently, B. filed a petition, alleging that her legacy had never been paid, and praying that C.'s executors be decreed to file C.'s account as A.'s executor. The decree prayed for was entered, and the account filed, the executors claiming credit therein for the amount of B.'s legacy. B. testified that she had never received the legacy, and gave evidence showing that C. had in his lifetime told a third party that he would not pay B. her legacy, as she was rich enough without it. The Orphans' Court thereupon surcharged the accountants with the amount of said legacy. *Held*, that this was error; that from the lapse of time a presumption of payment had arisen, that this presumption was not overcome by the evidence and the particular circumstances of the case, and that, therefore, B.'s claim should be disallowed.

[Bentley's Appeal.]

January 31st 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

CERTIORARI to the Orphans' Court of *Philadelphia county:* Of July Term 1881, No. 66.

Appeal of William K. Bentley, David Bentley and John B. Bentley, Jr., Executors of David B. Bentley, deceased, who was executor of John B. Bentley, deceased, from a decree of the court, dismissing their exceptions to, and confirming the readjudication of, the auditing judge upon the account of the executorship of their testator, as filed by them.

The facts were as follows:—John B. Bentley died September 2nd 1856, leaving a will dated August 7th 1856, proved September 25th 1856, whereby he bequeathed " to my sister Ann E. Walker, one hundred dollars, to be paid to her within one year after my decease." He appointed as his executor his brother, David B. Bentley, to whom letters of administration were granted on the last mentioned date. He filed an inventory, but never filed an account, and died August 8th 1877. By his will he appointed his sons, William K. Bentley, David Bentley and John B. Bentley, Jr., as his executors, to whom letters testamentary were granted on September 13th 1878.

On December 13th 1878, Ann E. Daly, formerly Ann E. Walker, the said legatee, filed her petition alleging that she had never been paid the said legacy, and praying for a citation to said executors to file the account of their testator, David B. Bentley, as executor of John B. Bentley. The answer of said executors to this citation set forth that they had no personal knowledge of the matter, but that, so far as they had information and belief, they believed that the said legacy had been paid on May 20th 1857, and they set up lapse of time, viz. : more than twenty-one years from testator's death, and presumption of payment, as a bar to the granting of the petition. A replication having been filed, the matter was referred to an Examiner, before whom the petitioner testified that the legacy had not been paid to her. The only other material testimony taken before the Examiner, was that of Julia Ann North, an aunt of the petitioner, who testified that she had heard David B. Bentley, in his lifetime, speak of this legacy : " He said he would not pay it. He did not give any reason why he would not pay it, other than that she was rich enough without it. I always used to be at him about the money to Annie. I asked him twenty times, and he always refused to pay, and gave no other reason."

Upon this testimony, after argument, the court, in an opinion by HANNA, P. J., ordered the respondents to file an account as prayed for. The account was thereupon filed. The

[Bentley's Appeal.]

accountants charged themselves with the amount of the inventory, and claimed credit for the payment of certain bills and legacies, including that of Ann E. Walker under date of May 20th 1857. The account resulted in a balance due to the estate of David B. Bentley.

Upon the audit, before HANNA, P. J., the said legatee excepted to the said credit. The accountants offered no evidence to prove payment, but relied upon the presumption of payment arising from lapse of time. The auditing judge disallowed the legatee's claim, allowed the credit as claimed in the account, and confirmed the account *nisi*. Exceptions filed thereto by said legatee were sustained by the court, and the account was recommitted to the auditing judge, PENROSE, J., filing the following opinion:—

"In the opinion filed May 22d 1880 (8 W. N. C. 455), when this case was before us on an application to compel the filing of an account, it was said that as less than twenty years had elapsed from the time when the legacy became demandable until the death of the executor, the presumption of payment had not then arisen.

"His death would arrest the bar arising from lapse of time, and the claim would become one against his estate, unless it appeared that there were assets to be transmitted to a successor.

"It would follow that the auditing judge was in error in holding that the credit claimed in the account of the deceased executor was to be allowed without further proof of the payment of the legacy than was given.

"The exceptions are therefore sustained, and the account recommitted to the auditing judge for further proceedings."

On the re-audit, the auditing judge accordingly surcharged the executors with the amount of the legacy, with interest, less collateral inheritance tax, and awarded the same to the legatee. Exceptions were filed to this re-adjudication by the accountants, which were dismissed by the court, PENROSE, J., filing the following opinion:

"Had the presumption of payment arisen in this case, we think the testimony of Julia Ann North, as taken by the examiner, could scarcely have been sufficient to overcome it. As the Auditing Judge found, however, that twenty years had not elapsed from the time when the legacy became payable until the death of the executor, his disallowance of the credit was based, not upon the testimony of the witness, but upon the fact that there was no evidence of payment; and the effect of the adjudication would not be changed if all reference to what the witness had said should be stricken out.

"Exceptions dismissed and adjudication confirmed."

The accountants thereupon took this appeal, assigning for error the decree of the court.

*John G. Johnson,* for the appellant.—We contend that the legacy is conclusively presumed to have been paid, by reason of the time which elapsed before the same was demanded, and that the award is, therefore, erroneous. The court below decided that inasmuch as only 19 years and 11 months had elapsed prior to the death of David B. Bentley, no presumption of payment arose, although upwards of 21 years had elapsed before demand was made. We submit that this decision confounds the distinction between the bar of the Statute of Limitations and the presumption of payment. By the Statute of Limitations no action shall be brought after the lapse of six years. The statute denies the remedy, irrespective of any question of actual right. The executors did not set up the bar of the statute but the common law presumption of payment after twenty years. This presumption is not weakened because the testator's executor happened to die before the whole period had expired, inasmuch as the presumption is, not that the debt was paid in the last, but in the first, part thereof. Why does the death of the trustee make any difference? The presumption runs from the time there was a liability to pay, viz., one year after the testator's death, and becomes conclusive twenty years from that time. The death of an executor or a change of trustees has nothing to do with the question. The failure to make any demand, out of which the presumption arises, continues as much after, as before, death, and with like significance as to the reason therefor, viz., a prior liquidation. The mere fact that a trust was created does not prevent the ripening of delay into proof; it is settled that after the expiration of the twenty years, the assignor of a fund in trust for creditors is entitled to demand a reconveyance, because of the presumption of payment that then arises: Power *v.* Hollman, 2 Watts 218; Drysdale's Appeal, 14 Penna. 531; Potter's Estate, 54 Penna. 465; Ingraham *v.* Cox, 1 Pars. 70.

After twenty years' silence, the executors of a dead man, who are without knowledge of the time and place of liquidation, are entitled to the benefit of every presumption of which the decedent himself, who did possess this knowledge, could have availed himself.

*R. P. White,* for the appellee.—We contend (1) that no presumption of payment arose; (2) that if it did arise, it was rebutted by sufficient evidence. The executors of David B. Bentley, in the account filed by them of his executorship of the estate of John B. Bentley, showed that there is nothing left of John B.

Bentley's estate to be administered. It would thus appear that David B. Bentley, who neglected to file an account in his lifetime, disposed of, spent or made away with, the whole of the testator's estate; the liability to pay this legacy thereupon became a personal liability on his part; he then died in 1877, and the presumption of payment as against him ran from his death. But if we are wrong in this, the evidence of Mrs North that she had frequently demanded payment of David B. Bentley in his life-time, on behalf of the legatee, in addition to the negative testimony of the legatee herself that the legacy was never paid to her, was ample evidence to rebut the presumption : Reed *v.* Reed, 10 Wright 239.

Mr. Justice Trunkey delivered the opinion of the court, February 27th 1882.

A debt which has been due and unclaimed, and without recognition, for twenty years, in the absence of explanatory evidence, is presumed to have been paid. This presumption, prima facie, obliterates the debt, and the onus of proof is upon the creditor, not to establish a new contract as is the case when a debt is barred by the statute of limitations, but to show that payment of the debt has not been made : Reed *v.* Reed, 46 Pa. St. 239. In that case, within twenty years, the debtor admitted to the creditor and to strangers that he had not paid the debt, and said he would not, and it was held that the presumption of payment was rebutted. Here the sum of the testimony is that the executor said to a third person that he would not pay the legacy, because the legatee was rich enough without it. This is far short of the direct admission in Reed *v.* Reed, and the court below rightly held that it was insufficient to overcome a presumption of payment arising from lapse of time. When a person in conversation with a stranger respecting the claim of another, says he will not pay it, there is not the same reason for inferring recognition that exists when the creditor requests and the debtor refuses payment. In the latter case, not to deny is to admit. Besides, the debt is claimed. But it does not concern the stranger whether the claim is existing or has been paid ; he has no right to ask payment.

The executor lived almost twenty years after the legacy became due and payable. It was not claimed by the legatee, for more than twenty one years after it was due. The debt was unrecognized and unclaimed, for over twenty years, and the time of payment is deemed to have been before the beginning of the period, else payment would not be presumed. Were the debtor living, the reason for invoking the presumption would not be so strong as now, for his representatives are not so likely to know of the actual evidence of payment as he

[Philadelphia & Reading R. R. Co. *v.* Carr.]

would be. The difficulty in proving a fact, which occurred many years before its existence is questioned, lies at the foundation for its presumption from lapse of time. Then, the mere fact of the debtor's death ought not to be a sufficient explanation of the creditor's delay. Immediately, he may make claim against his debtor's estate. The case differs from one where the debtor was in extreme poverty, or beyond sea. And if the debtor be a trustee he may avail the rule respecting stale demands, though he could not the statute of limitations : Power *v.* Hollman, 2 Watts 218. In that case the court, conceding that claims against an insolvent who had assigned his property, in trust for creditors, would not be barred by the statute, ruled that lapse of time would raise a presumption of their payment.

We are of opinion that the presumption of payment of the appellee's claim had arisen, before the presenting of her petition.

> Decree reversed, and the exceptions to the adjudication by the accountants sustained, costs to be paid by the appellee, Ann E. Daly.