## White v. White, Appellant.

*Bond—Presumption of payment—Rebuttal of presumption—Evidence—Question for jury.*

In an action by a daughter against her father's executors on a bond under seal dated twenty years before the bringing of the suit, the question whether the presumption of payment has been rebutted is for the jury, where the evidence is in effect that the deceased was a man of property able to pay the bond in his lifetime, and that the plaintiff never mentioned the bond until after her mother's death, which occurred ten years after her father's death, but a brother of the plaintiff testifies that his father told his mother in the presence of the mother, plaintiff and himself, " I have no money to pay the interest to L. on the $2,700 bond I owe her," and that this remark was repeated within a year of the father's death.

Argued May 23, 1901.   Appeal, No. 104, Jan. T., 1901, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1899, No. 24, on verdict for plaintiff, in case of Lizzie White v. Henry S. White, Francis R. White, Lizzie White, Executors of Jonas White.   Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ.   Affirmed.

Assumpsit on a bond.   Before Landis, J.

The court charged as follows :

This is an action to recover the sum of $2,700 with interest. The foundation of the suit is a common bond, under seal, dated only 1879, without day or date, but payable April 1, 1879, with interest at the rate of three per cent per annum.   The suit was brought December 5, 1899, and, therefore, you will observe over twenty years had elapsed between the time the bond became due, namely, April 1, 1879, and the date of the entry of the suit, namely, December 5, 1899.   [The law, therefore, raises what is called a presumption of payment against the claim, and the plaintiff must satisfy you that it has not

been paid. She has endeavored to do so, and whether she has done so successfully and to your satisfaction is for you to determine. Her brother, Francis R. White, has been called in her behalf. He has testified in substance—and you will recollect the exact words—that his father told his mother, in answer to something said by his mother to the father concerning the bond, and in the presence of the mother, his sister Lizzie and himself, " I have no money to pay the interest to Lizzie on the $2,700 bond I owe her," and that this was somewhere between 1882 1885, and it was repeated, or something of like import, within a year of his death.] [3] It is admitted that the bond was not paid by the executors since the decedent's death. You will consider all of his testimony, which I have not attempted to rehearse in detail, for upon it, if at all, the plaintiff must rest her case and recover in this action.

The defendant contended that Jonas White was a man of considerable property, and, in fact, that is conceded on all hands; and that, at all times, up to the date of his death, in 1888, he was perfectly able to pay this, or any other indebtedness due by him, and, also, that Lizzie White, the plaintiff, never mentioned anything about the bond until after her mother's death, which occurred in 1898.

You have all the evidence on both sides, and, of course, you must consider it in arriving at a proper conclusion. [If you are satisfied that the bond which has been presented here to you is a valid obligation of the decedent's, and also satisfied that it had not been paid by the decedent in his lifetime, nor since his death—and, in order to do so, you must then believe the testimony which has been here presented by the plaintiff— then your verdict should be for the plaintiff for the amount of the claim, with interest from April 1, 1880. If on the other hand you find that this presumption—that is, the presumption of payment—has not been rebutted, and the delay in the collection of the alleged debt has not been satisfactorily accounted for, or, if you find that there was no acknowledgment made of the indebtedness within twenty years, and such an acknowledgment as must satisfy you that the indebtedness was not paid up to that time, then your verdict must be in favor of the defendant.] [4]

Verdict and judgment for plaintiff for $4,320. Defendant appealed.

1901.]          Assignment of Errors—Opinion of the Court.

*Errors assigned* among others were (3, 4) above instructions, quoting them.

*W. N. Appel*, of *Appel & Appel*, for appellants.

*D. McMullen*, for appellee, was not heard.

PER CURIAM, October 11, 1901:

We are satisfied from our examination of the testimony in this case that it was for the consideration of the jury, and if credited by them it was sufficient to overcome the presumption of payment. The case was carefully submitted to the jury under instructions which were unobjectionable. We find no error in either of the specifications and we therefore affirm the judgment entered on the verdict.

Judgment affirmed.