## O'Hara, Appellant, *v.* Corr.

*Evidence—Payment—Presumption—Rebuttal of presumption—Mortgage.*

The presumption which the law raises after the lapse of twenty years that a bond or specialty has been paid is in its nature essentially different from the bar interposed by the statute of limitations to the recovery of a simple contract debt.   The latter is a prohibition of the action, the former prima facie obliterates the debt.   The bar is removed by nothing less than a new promise to pay or an acknowledgment consistent with such promise.   The presumption is rebutted, or to speak more accurately, does not arise where there is affirmative proof, beyond that furnished by the specialty itself that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor.

On a scire facias sur mortgage where the defendant sets up a presumption of payment after a lapse of twenty years, the case is for the jury where several witnesses for the plaintiff testify clearly and positively that the deceased mortgagor had declared that he had purchased the mortgaged premises, that he had never paid the mortgage, that he could not pay it and that he would have to let the property go.

Argued Oct. 28, 1904.   Appeal, No. 132, Oct. T., 1904, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1902, No. 793, refusing to take off nonsuit in case of Frances A. O'Hara to use of Rebecca R. Phillips now for use of Anna L. Caldwell v. John Corr, Deceased, now in the hands of Mary Corr, or Carr, Administratrix, with notice to Harry E. Holman, terre-tenant.     Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ.   Reversed.

Scire facias sur mortgage.  Before COLLIER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Howard Zacharias*, with him *Harry Diamond*, for appellant, cited : Reed v. Reed, 46 Pa. 239 ; Gregory v. Com., 121 Pa. 611 ; Porter v. Nelson, 121 Pa. 628 ; Devereux's App., 184 Pa. 429.

*Edward B. Scull*, with him *Ralph Longenecker*, for appellee, cited: Hayes' App., 113 Pa. 380 ; Kline v. Kline, 20 Pa. 503 ; Porter v. Nelson, 121 Pa. 628 ; Peters' Appeal, 106 Pa. 340 ; Eby v. Eby, 5 Pa. 435 ; Sellers v. Holman, 20 Pa. 321.

OPINION BY MR. JUSTICE POTTER, December 31, 1904 :

This was a scire facias sur mortgage, dated January 11, 1873, for the sum of $2,450 payable in five equal annual installments with interest.  The first three installments were assigned by the mortgagee, Frances A. O'Hara, to Rebecca R. Phillips, and the executor of the latter subsequently assigned the same to Anna L. Caldwell, the principal beneficiary under her will and the use plaintiff in this case.  The mortgagor, John Corr, is also dead and the writ issued against his administratrix, with notice to Harry E. Holman, terre-tenant, who had purchased the mortgaged premises at a sale under a municipal lien.  The plaintiff claimed to recover the first three installments due respectively January 11, 1874, 1875 and 1876, with interest.  The præcipe was filed and a sci. fa. issued in June, 1902, more than twenty-six years after the last of the three installments fell due.  Upon the trial, the plaintiff, after showing that the unsatisfied mortgage was found among Mrs. Phillips' papers after her death, endeavored to rebut the presumption of payment by calling four witnesses to testify to admissions and declarations made by the mortgagor during his lifetime, and within twenty years, before suit was begun on the mortgage.

The trial judge held that this testimony was insufficient to be submitted to the jury in rebuttal of the presumption of payment and granted a compulsory nonsuit, which the court in banc refused to take off.  This refusal is assigned as error.

The only question presented by this appeal is as to the sufficiency of the testimony produced by the appellant to repel the legal presumption arising from lapse of time that this mortgage was paid. This court said in Reed v. Reed, 46 Pa. 239: " The presumption which the law raises after the lapse of twenty years that a bond or specialty has been paid is in its nature essentially different from the bar interposed by the statute of limitations to the recovery of a simple contract debt. The latter is a prohibition of the action, the former prima facie obliterates the debt. The bar is removed by nothing less than a new promise to pay or an acknowledgment consistent with such a promise. The presumption is rebutted, or, to speak more accurately, does not arise when there is affirmative proof, beyond that furnished by the specialty itself, that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor."

In Morrison v. Funk, 23 Pa. 421, the testimony of two witnesses who were strangers to the controversy, of admissions made to them by the debtor, that the debt had not been paid, was held sufficient to be submitted to the jury for the purpose of rebutting the presumption of payment. Runner's Appeal, 121 Pa. 649, also presents a case where proof of the statements of the debtor to his sister, in the presence of a third person, that he would pay over to her one half the money, being her share on two notes, the notes not being produced, and no amount being mentioned, and that he had come to fix up the notes according to a previously expressed intention, was held to constitute clear, distinct and unequivocal recognition of the debt evidenced by the notes, sufficient to rebut the presumption of payment.

In Smith v. Shoenberger, 176 Pa. 95, it was held that where the plaintiff's judgment was more than twenty-one years old and the defendant relied on the presumption of payment growing out of the lapse of time, evidence of declarations by the defendant tending to show that it was not paid were pertinent and their persuasive value was for the jury to determine. The admissions here were made to one of the plaintiffs, who testified that twice within the preceding five years the defendant had approached him and endeavored to make an arrangement for the settlement of the claim.

And in White v. White, 200 Pa. 565, where suit was brought
by a daughter against her father's executors upon a bond more
than twenty years overdue, the testimony of a brother that on
two occasions within twenty years he had heard the father say
that he had "no money to pay the interest to Lizzie on the
$2,700 bond I owe her," or something of like import, was held
to be sufficient to overcome the presumption of payment.

Bearing in mind the principles thus illustrated, let us con-
sider the evidence presented by the plaintiff in the court below.
H. J. Creighton testified that he had known John Corr, the
mortgagor, and that about 1893 or 1894 Corr had told him that
he had purchased some lots on Dearborn street (where the
mortgaged premises were located), that he had not paid any-
thing for several years on them and that he had never been
notified of the foreclosure of any mortgage on them. He also
said that he had paid between $450 and $500 on the property.
Subsequently he repeated the conversation and said that he
was still being assessed for taxes on the property.

Sophia Corr, a daughter of mortgagor, testified that about
twelve years before the trial her father had pointed out the
mortgaged premises to her and told her "that he had bought
it, but that he could not claim it, that there was a big mort-
gage against it, and he lost his position and could not pay for
it." He afterwards frequently spoke to her about the property
and in 1900, the day before the sheriff's sale, he went to the
courthouse to look it up and in the evening told a Mr. Scott,
who called to see him about it, that he was not going to buy
it, "that the mortgage was then over $2,000 and that he could
not think of taking a hand in it." He spoke to her at one time
(about 1899) of going to the Phillips residence and talking to
Mr. and Mrs. Phillips, both, "that he could not pay for the
property. That was just at the time that he lost his position
and that he would like them to take two of the lots off his
hands, and let him pay the balance on the one. . . . He hadn't
paid anything on the mortgage."

Annie Corr, another daughter of mortgagor, testified that
before 1880 her father showed her the deed for the property
and told her it was of no benefit to him because he could never
redeem the mortgage, it was too heavy and great. That after
1882 he frequently spoke of the property and said the same

thing, that he could never redeem the mortgage and that they could sell his furniture for it, if they knew he owned it. In 1900 witness heard her father, about the time of the sheriff's sale, tell Mr. Scott that there was over $2,000 in the mortgage, against the property and that he never could redeem it.

Mary Creighton testified that, eight or nine years before the trial, the mortgagor told her, referring to the Dearborn street lots, that "he had bought that property but the mortgage was too great and he could never redeem it. He thought it would have to go. He could not keep the property up, that the mortgage was too great."

We think this testimony was so clear and positive that, if believed by the jury, it was ample to overcome the presumption of payment arising from the lapse of time. The assignment of error is sustained.

The judgment is reversed, and a procedendo is awarded.