## Wilson *v.* Eckman, Appellant.

*Mortgage—Presumption of payment—Evidence to rebut presumption—Declarations by deceased mortgagor.*

1. The presumption that all debts excepted out of the statute of limitations, unclaimed and unrecognized for twenty years, are paid, is an artificial rule of law and, unlike the statute of limitations, is not a bar to an action on the original contract, and therefore a new promise is not necessary to sustain the suit. Any competent evidence which tends to show that the debt is in fact unpaid is admissible for the purpose of rebutting the presumption of payment.

On a scire facias sur mortgage brought shortly after the death of the mortgagor, and twenty-five years after the date of the mortgage, it is proper to permit disinterested witnesses to testify to declarations of the mortgagor made shortly before her death to the effect that the mortgage had not been paid, and that its lien had interfered with the sale of the mortgaged premises.

Argued Oct. 9, 1913. Appeal, No. 49, Oct. T., 1913, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1911, No. 606, on verdict for plaintiff in case of Elizabeth Wilson v. Hannah L. Eckman et al., Administrators c. t. a. of Phoebe Mills, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur mortgage. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $974.51. Defendants appealed.

*Errors assigned* were as to the admission of the evidence quoted in the opinion of the Superior Court.

*Alfred R. Haig,* with him *Laurence W. Baxter,* for appellants.—The evidence admitted was insufficient to rebut the presumption of payment and the jury should have been directed to find for the defendants: Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312; Gregory v. Com., 121 Pa. 611; Second Nat. Bank v. Thompson, 44 Pa. Superior Ct. 200; Michener v. Michener, 17 W. N. C. 266; Duggan v. Strange, 40 Pa. C. C. Rep. 425.

*H. Merian Allen,* with him *Frank R. Buchanan,* for appellee.—The evidence was sufficient to rebut the presumption of payment: Reed v. Reed, 46 Pa. 239; Stout v. Levan, 3 Pa. 235; Porter v. Nelson, 121 Pa. 628; Eby v. Eby, 5 Pa. 435; Frear v. Drinker, 8 Pa. 520; Gregory v. Com., 121 Pa. 611; McQuesney v. Heister, 33 Pa. 435; Richards v. Walp, 221 Pa. 412; Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312; Brown v. Wagner, 23 W. N. C. 250.

OPINION BY PORTER, J., December 8, 1913:

This is a scire facias upon a mortgage, dated December 17, 1885, and recorded the same day, and which became due and payable one day after the date thereof. Phoebe Mills, the mortgagor, died April 21, 1910. The writ of scire facias issued on March 3, 1911. The debt secured by the mortgage, it thus appears, had been due and payable for a period of more than twenty-five years before this proceeding was instituted for its collection. The plaintiff recovered a verdict and judgment in the court below and the defendants appeal. The appellants state the question involved to be: "In a suit on a mortgage due by its terms more than twenty-five years be-

fore, may the presumption of payment be overcome by testimony of admissions to strangers by the mortgagor (who was not living when the suit was commenced) that the mortgage was unpaid and its lien interfered with the sale of the property?"

The presumption that all debts excepted out of the statute of limitations, unclaimed and unrecognized for twenty years, are paid, is an artificial rule of law and, unlike the statute of limitations, is not a bar to an action on the original contract, and therefore a new promise is not necessary to sustain the suit. Any competent evidence which tends to show that the debt is in fact unpaid is admissible for the purpose of rebutting the presumption of payment. The question, as against the presumption, is whether or not the debt is in fact unpaid. The presumption of payment after twenty years is a strong one, and the evidence to rebut it must be satisfactory and convincing; it must carry conviction to the mind of the court, that if the facts alleged are true, the matters in issue are definitely and distinctly established. It is of no consequence that the admission of nonpayment is accompanied by a refusal to pay, or a declaration of an intention not to do so. The evidence may consist of the debtor's admissions made to the creditor himself; or to his agent or to a stranger: Morrison v. Funk, 23 Pa. 421; Reed v. Reed, 46 Pa. 239. An admission that the debt is unpaid will not be as readily implied from vague and equivocal language casually addressed to a stranger, as when addressed to the creditor in reply to a demand for the debt: Bentley's App., 99 Pa. 500; Gregory v. Com., 121 Pa. 611; Porter v. Nelson, 121 Pa. 628; Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312. Whether the facts relied upon by the creditor, if established, are sufficient to rebut the presumption is a question for the court, but whether the testimony relied upon to establish those facts is true is a question of fact for the jury: Delany v. Robinson, 2 Wharton, 503; Reed v. Reed, 46 Pa. 439.

The plaintiff produced two witnesses, apparently entirely disinterested, who testified intelligently and clearly, that Mrs. Mills, the mortgagor, had distinctly and unequivocally stated to them on many occasions, the last within a short time of her death, that this mortgage was unpaid. The witness, Alonzo Smith, testified that he had had business relations with Mrs. Mills, doing painting and decorating work for her, and that she would sometimes ask his advice on various matters; that she had first spoken to him about this mortgage thirteen or fourteen years ago, that she told him that the mortgage had not been paid and that if it were not for the lien of the mortgage against that property at Nineteenth and Earp streets, she would try to sell it and pay off mortgages on other properties, and that there was $800 due Mrs. Wilson on that property, without interest. He testified that she had subsequently repeatedly told him this up to within ten days of her death, and that the last time that she told him that this mortgage remained unpaid was nine or ten days prior to her death. Mrs. Ray S. Rose testified that she had frequently had conversations with Mrs. Mills with regard to this mortgage, that she saw her very often and in 1904 took charge of all her business, her writing and collecting rents, paying bills and attending to all of her business; that in 1908 Mrs. Mills told her: "That in case she was ill, to send for Mr. Ellis and Mrs. Wilson, that Mrs. Wilson held a mortgage of $800 against the house, that it had never been paid, that she could not sell that nor dispose of it without their presence," and that on the morning of the day upon which she died she spoke of this mortgage, "and said that I should send for Mrs. Wilson and Mr. Ellis, that she wanted to see them." The admissions which these witnesses testified to were clear, distinct and unequivocal, involving neither uncertainty nor ambiguity. If they told the truth the mortgagor had within a short time prior to her death admitted distinctly that

the debt had not been paid. "It would be absurd for the law to presume in the face of such admissions that it had been:" Reed v. Reed, 46 Pa. 439. The court below, under this evidence, submitted to the jury the question of fact: did the mortgagor make the admissions to which these witnesses testified; with instructions that in case they found the admissions testified to had been made they would be warranted in finding a verdict in favor of the plaintiff. The verdict of the jury must be accepted as establishing the facts to which the witnesses had testified, and this being so, the court correctly held that the presumption of payment had been rebutted, and refused to enter judgment in favor of the defendants non obstante veredicto.

The judgment is affirmed.