## Russo, Assignee, v. Roberts et ux.

*Alan J. Smith*, for plaintiff; *W. Russell Green*, for defendants.

CORSON, J., October 13, 1933.—Joseph Russo is the assignee and present owner of a certain mortgage dated July 27, 1903, and executed by Mark W. Marsden, in the amount of $2,000. Apparently in February 1904, the principal of the mortgage was reduced by payment on account to $1,250. On March 7, 1933, Joseph Russo, assignee, issued a sci. fa. sur mortgage and plaintiff's statement, claiming a balance of principal in the amount of $1,250, with interest from February 1, 1904.

Under this state of the record, on March 24, 1933, the defendants, Howard C. Roberts et ux., real owners of the mortgaged property, filed their petition under the Act of May 8, 1895, P. L. 44, seeking to have the mortgage released as a lien upon their property. The contention of the petitioners is that since no payment

had been made upon principal or interest of said mortgage for more than 21 years prior to the filing of the petition, therefore any action upon said mortgage is barred by the Act of 1895, supra.

The question to be decided is whether the Act of 1895 is a statute of limitations or is merely an act providing for the release and discharge of encumbrances upon land under certain conditions. Plaintiff contends that, while the presumption of payment has admittedly arisen, yet this presumption is rebuttable, and that therefore plaintiffs have a right to prove nonpayment when the question comes before the court upon the sci. fa. sur mortgage. This contention is correct unless the defendants are to be sustained in their contention that the Act of 1895 is a statute of limitations. See Sheafer et al. v. Woodside et al., 257 Pa. 276; O'Hara v. Corr, 210 Pa. 341.

Admittedly, the question raised by the defendants has never been raised in any case since the passage of the Act of 1895, and in cases of a more or less similar nature which have gone to the Supreme Court the contention has never been made or even considered that the Act of 1895, supra, was a statute of limitations. A reading of the act convinces us that it was intended as a supplemental and similar remedy to the remedy provided by the Act of June 10, 1881, P. L. 97, sec. 1.

The Act of 1895, supra, provides: "That in all cases in which, under any proceeding in any court of record of this Commonwealth, or under any . . . mortgage, . . . any money has been or may hereafter be charged upon land, . . . and the period of twenty-one years has elapsed . . . after the principal of such encumbrance . . . has become . . . due and payable, and no payment has been . . . made within said period of twenty-one years on account of such encumbrance . . . by the owner . . . of the land sought to be released and discharged . . . it shall be lawful for the . . . common pleas court of the county . . . [etc.] upon petition of the owner . . . of the land, . . . subject to the encumbrance . . . setting forth the facts, . . . to direct the sheriff of the county to give notice to all such known parties in the county . . . and require the parties to appear in court on a day designated . . . at which time, should any person or persons appear and claim payment for or on account of such encumbrance or charge or any part thereof, the court shall enter a rule on the person or persons so appearing and claiming to commence proper legal proceedings to enforce payment of their claim or claims within thirty days after the entry of such rule."

The contention of the defendants is that the holder of the mortgage, when appearing after notice, must allege a payment to have been made upon the principal or interest of such mortgage within the 21-year period. A careful reading of the latter part of this statute convinces us that this is not the proper interpretation or construction to be placed upon this act of assembly. The act would seem to be intended to provide a means for releasing the lien of encumbrances upon property where no payment has been made upon principal or interest for a period of 21 years.

If the holders of the encumbrance fail to appear after notice, it must be taken as meaning that they do not wish to contest the presumption of payment that has arisen, and in such a case the court would be justified in directing the satisfaction of the charge. However, if the holders of the mortgage appear and claim payment for, or on account of, such encumbrance, then the court shall enter a rule for the purpose of forcing the holders of the mortgage to bring their writ of sci. fa. to decide the question whether or not the presumption of payment shall be sustained.

The contention of the defendants that the holders of the mortgage must appear and claim payment for, or on account of, such encumbrance during the

21-year period is not consistent with the clear intention of the act. If the holders of the mortgage did appear and show a payment for, or on account of, the principal or interest of the mortgage within 21 years, then there would be no reason for forcing them to bring a sci. fa. sur mortgage.

From a reading of the act and its title, we find that there is not a word in either which mentions any limitation upon the right to bring any action whatever. The act is clearly merely a method either to have the lien of a mortgage released where there has been no payment within 21 years or to force holders of the mortgage to issue their sci. fa. to have the question whether or not the presumption of payment shall be sustained decided by a jury.

And now, October 13, 1933, for the reasons given, the petition must be, and hereby is, dismissed. The plaintiff having already issued his sci. fa. and commenced proper legal proceedings to enforce payment of his claim, it is unnecessary to grant a rule as provided in the Act of 1895, supra. An exception is granted to the defendants.     From Aaron S. Swartz, Jr., Norristown, Pa.