## Grenet's Estate.

Argued September 27, 1938. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*W. W. Stoner*, with him *J. M. Stoner & Sons*, for appellant.

*W. Denning Stewart*, of *Stewart & Lewis*, for appellee.

Opinion by Mr. Justice Stern, December 5, 1938:

Under date of September 20, 1911, Samuel J. Grenet delivered to James F. Greene his two promissory notes, each in the sum of $1,500, one payable sixty days after date, the other a judgment note under seal payable one day after date. Greene died in 1925 and Grenet in 1935. At the audit of the account of Grenet's executors these notes were presented by Greene's widow as administratrix of her husband's estate. The court ruled that the

sixty-day promissory note was barred by the statute of limitations (as to this there is no contest), but sustained the claim on the judgment note in the amount of $3,875, representing the principal with interest to the time of the decree of distribution. From the allowance of this claim the present appeal has been taken by the administrator of the estate of Grenet's deceased son, who was his father's residuary legatee but survived him for only a few months.

Appellant relies upon the proposition that recovery was barred by the lapse of twenty-six years between the time when the note was payable and when it was presented at the audit.

The presumption of payment arising from lapse of time does not work an extinguishment of the debt, nor, unlike the bar of the statute of limitations, does it require a new promise or its equivalent to revive it. It is a presumption merely of fact, and amounts to nothing more than a rule of evidence which reverses the ordinary burden of proof and makes it incumbent upon the creditor to prove, by preponderance of the evidence, that the debt was not actually paid. This burden may be met by direct testimony as to non-payment, or by proof of circumstances tending to negative the likelihood of the claim having been satisfied and explaining the delay of the creditor in attempting to enforce it,—for example, that there existed a relationship between the parties which would account for the failure of the creditor to insist upon collection, that the debtor's financial condition was such as would have prevented his paying the debt, that the bond, note or other instrument upon which the claim rested remained at all times in the creditor's possession, that the creditor had died and, no administrator being appointed, there was no one to whom payment legally could have been made. These and similar circumstances, while not, singly or collectively, conclusive, are admissible in evidence for the purpose of rebut-

114

ting the presumption of payment. One of the most effective types of proof to that end is evidence that within the twenty-year period prior to suit the debtor made an unqualified acknowledgment that the debt was still due and unpaid, especially if such admission was addressed to the creditor himself in reply to a demand for payment, and even though not accompanied by a promise to pay.*

In the present case the claimant produced as a witness a member of the bar, Joseph H. Reich, who had acted as attorney for Greene and for his estate, and who testified that, shortly after Greene's death, having come into possession of the notes in connection with the administration of the estate, he wrote to Grenet concerning the judgment note. Interrogated as to whether he had any conversation with him concerning this note, he stated that in response to his letter Grenet came to his office and said he wanted "an opportunity to look into it," that Grenet returned two weeks later and told him "he could not pay the note; he didn't have the money. . . . he would like to have an opportunity to work it out with Mrs. Greene; . . . he knew her very well." Mr. Reich further testified that Grenet had been for years "rather stringent for cash," and he, Reich, made no further effort to collect the note and closed the Greene Estate without having obtained payment. This evidence was legally sufficient upon which to base a finding that

---

* *Postens v. Postens,* 3 W. & S. 127; *Kitchen v. Deardoff,* 2 Pa. 481; *Stout v. Levan,* 3 Pa. 235; *Eby v. Eby's Assignee,* 5 Pa. 435; *Morrison v. Funk,* 23 Pa. 421; *Reed v. Reed,* 46 Pa. 239; *Breneman's Appeal,* 121 Pa. 641; *Runner's Appeal,* 121 Pa. 649; *White v. White,* 200 Pa. 565; *O'Hara v. Corr,* 210 Pa. 341. As to the general principles governing the presumption of payment arising from lapse of time, see: *Reed v. Reed,* supra; *Bentley's Appeal,* 99 Pa. 500; *Gregory v. Commonwealth,* 121 Pa. 611; *Porter v. Nelson,* 121 Pa. 628; *Devereux's Estate,* 184 Pa. 429; *Fidelity Title & Trust Co. v. Chapman,* 226 Pa. 312; *Sheafer v. Woodside,* 257 Pa. 276; *Gilmore v. Alexander,* 268 Pa. 415.

the note had not been paid, and, such a finding having been made by the auditing judge and sustained by the court in banc, it is binding upon this court: *Pusey's Estate*, 321 Pa. 248, 260; *Bowen v. A. R. Boyd Enterprises, Inc.*, 326 Pa. 385, 389; *Mooney's Estate*, 328 Pa. 273, 275.

The decree is affirmed, costs to be paid by appellant.