## Joyce, to use, et al., *v.* Hawtof, Appellant.

Argued October 19, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*B. D. Oliensis,* for appellant.

*Joseph First,* with him *Murdoch, Paxson, Kalish & Green,* for appellees.

OPINION BY PARKER, J., March 3, 1939 :

The plaintiffs caused a judgment to be entered against the defendant on a bond containing a power of attorney to confess judgment. The defendant having presented a petition to the court below asking that the judgment be opened and that he be permitted to interpose a defense, a rule to show cause was granted and an answer to the rule was filed by plaintiff. That court after argument properly, as we think, discharged the rule. Defendant then appealed to this court.

Max Hawtof, on June 22, 1923, gave his bond with warrant of attorney to confess judgment to Elizabeth M. Joyce, payable in three years as evidence of a loan of $2,100. The bond was accompanied by a mortgage of defendant on certain real estate as collateral security for the payment of the bond. On September 11, 1925, Hawtof conveyed the real estate "under and subject" to that mortgage to Mollie Cohen. On December 9, 1929, the plaintiffs, assignees of the mortgage, entered into an agreement with Mollie Cohen for the extension of the term of the mortgage for a period of three years from December 22, 1929. Mollie Cohen died May 21, 1932, leaving an insolvent estate. On December 9, 1932, the plaintiffs issued a scire facias sur mortgage, obtained judgment, and caused the mortgaged premises to be sold by the sheriff on the first Monday of February,

1933, when the land was purchased by plaintiffs for $1,800. On March 2, 1933, the judgment in question was entered and damages were assessed at $907.17, the difference between the balance due on the bond and the proceeds of the sheriff's sale. The essential facts are not in dispute and a pure question of law is raised.

The issue raised is ruled by the principles announced by this court in an opinion by Judge (now Chief Justice) KEPHART in *Willock's Estate,* 58 Pa. Superior Ct. 159, approved in principle by the Supreme Court in *Kiedaisch v. Elkins Park National Bank,* 325 Pa. 241, 189 A. 303. The facts in *Willock's Estate,* supra, differ from the facts in the present case in that in the Willock case not only were the premises conveyed under and subject to the payment of the mortgage, but the grantee of the real estate assumed and agreed to pay the mortgage as part of the consideration for the premises conveyed. In each case there was no surrender of security.

In the Willock case the rate of interest was reduced and the term of the mortgage was extended for five years. There was a default and after foreclosure and sale there was a demand on the estate of the original mortgagor for the payment of the deficiency which remained after the sale. The claim was allowed. In *Kiedaisch v. Elkins Bank,* supra, the original mortgagor sought by a proceeding in equity to force the holder of the mortgage and judgment to assign them to him on payment of the balance due. The relief asked for was granted and in the course of an exhaustive opinion by Mr. Justice MAXEY the principles announced in the Willock case were approved and followed.

The appellant argues that the situation existing here is the same as if a payee on a note had released a part of the collateral security given for the payment of the note or changed the terms of the note to the injury of a surety, in which case the surety would be relieved. The two situations are not parallel, as we shall show.

It was made clear in the Willock case that under the

facts shown the mortgagor and his grantee were each liable as principal debtors to the mortgagee, each continuing liable severally for the payment of the debt (pp. 164, 165). Consequently, the authorities cited by the appellant with relation to the effect on the liability of a surety of the release of part of the security have no application. In the present case the facts are even stronger, for Mollie Cohen did not assume and agree to pay the mortgage. (See Act of June 12, 1878, P. L. 205; 21 PS §655). She only became liable to the mortgagee by virtue of her independent agreement for the extension and that without the knowledge or approval of the original mortgagor. The argument of the able counsel for the appellant is based upon a confusion of terms. In a number of cases the relation between the original mortgagor and the grantee of the real estate who assumes and agrees to pay the mortgage is described as one of principal and surety as between themselves. The expression "principal and surety" does not correctly describe the relationship from the standpoint of the mortgagee.

Again, as we pointed out in the Willock case, the extension did not amount to a novation as there were no facts from which it could be inferred that the mortgagee by the indulgence extended to the grantee intended to release the original mortgagor and look to his grantee alone.

Hawtof had at all times available to him the remedy provided by the Act of April 28, 1903, P. L. 327 (21 PS §§735-738). That statute entitles a mortgagor whose bond remains outstanding after conveying the property and after maturity of the mortgage, upon payment to the holder of the mortgage of the balance due upon the mortgage, to demand an assignment to him of the bond and mortgage as well as any judgment entered thereon: *Kiedaisch v. Elkins Bank,* supra, (p. 247). Hawtof did not avail himself of that remedy. "The mortgagor, if he felt aggrieved at the extension, should have availed

himself of the Act of 1903, and had he done so he could have placed himself in a position where no harm could come to him through the granting of this extension": *Willock's Estate,* supra (p. 170). "The mortgagor, having failed to proceed under the Act of 1903, as above indicated, it is now too late for him, or his legal representatives, to complain": Ibid. (p. 169). In the Kiedaisch case, supra (p. 249), Mr. Justice MAXEY quoted with approval the following excerpt from the Willock case: " 'Should the mortgagee comply with the terms of the demand, under the Act of 1903, and assign the mortgage and bond, the mortgagor can thereafter foreclose as though the extension were not in existence. If such proceeding should result in a loss to the person to whom the extension was given, his remedy would be against the giver of the extension for such damage. The mortgagor has received the full consideration, has executed his solemn promise in writing to pay the obligation unconditionally.' " It must also be remembered that in the present case the premises were not sold until after the period of extension had expired and it had lost all its force.

With regard to *Greater Adelphia B. & L. Assn. v. Trilling,* 323 Pa. 361, 185 A. 716, largely relied upon by appellant, it is sufficient to say that "general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used": *Cohens v. Virginia,* 6 Wheat. 264, 399. The present question was not there considered and the Willock case was not discussed, but when a similar question was later presented in the Kiedaisch case, the Willock case was followed in an opinion by the same justice who wrote the opinion in the Trilling case. Realizing the importance of stability in decisions affecting titles to real estate, we would not be inclined in any event to reverse the former ruling of this court unless there was clear error. However, we believe that the decision announced in the Willock case is based upon sound prin-

ciples when we consider that from the viewpoint of the mortgagee both Hawtof and Cohen were principal debtors. We do not see how a different logical conclusion could be reached.

The judgment of the lower court is affirmed at the cost of the appellant.