## Beckman, Secretary of Banking, v. Wendell et ux.

*Clarence E. Davis,* for plaintiff.
*Weimer, Bennett & Jones,* for defendants.

GRIFFITH, J., June 9, 1943.—On November 18, 1938, plaintiff entered judgment in the court of common pleas of this county against defendants in the sum of $500, to no. 445, December term, 1938, upon a bond accompanying a mortgage. This bond was one of a series of 20 bonds of the same amount and tenor given to accompany the same mortgage. Judgments in like amount have been entered to nos. 446, 447, and 448, December term, 1938.

After petitioning the Court of Common Pleas of Cambria County for permission so to do, plaintiff filed a release of lien on May 11, 1939, releasing the lien of

the above-stated judgments against a certain portion of the mortgaged premises, which was situate in the Borough of Ferndale, being a portion previously sold by defendants to Ralph W. E. Waring. A copy of the petition to this court on behalf of the receiver for permission to release the lien against this portion of the mortgaged premises was mailed to defendants. However, the consent of defendants to the release of the portion of the mortgaged premises sold to Waring was never obtained. . . .

Defendants, in their petition, and their counsel, in his brief, urge that the judgments should be opened and petitioners let into a defense for the reason that the petition sets forth facts which, if true, show that the judgment creditor released from the lien of the mortgage securing said judgment bonds certain premises which had been previously sold by the mortgagors to a terre-tenant and thereby diminished the security of the mortgagors.

No answer was filed by plaintiff respondent and, therefore, for the purpose of passing upon this petition, the statements of fact therein averred are assumed to be correct. It must, therefore, be deemed to be admitted that in accordance with the averments of the petition the deputy receiver of plaintiff requested permission of defendants to release the lien of the mortgage on that portion of the mortgaged premises owned by Waring, and that defendants refused so to consent. Defendants cite several cases in support of the rule above referred to, particularly the case of Greater Adelphia B. & L. Assn. v. Trilling et al., 323 Pa. 361, wherein the court discusses a similar situation in regard to the releasing of collateral security by an obligee and the effect of such release to extinguish the debt of the original debtor. The court points out that the reason a release of this nature, unconsented to by the original debtor, operates as an extinguishment of the debt, is because the original debtor has the right to pay the original obligation and

thereupon require the assignment to him of the security held by the obligee. When the obligee puts it out of his power to fulfill his part of the implied contract by releasing a portion of the security from the lien of the mortgage or the judgments, he forfeits his right to collect the original debt against the original debtor. It is true that where a mortgagee merely extends the time for payment to a terre-tenant this does not operate as an extinguishment of the mortgagor's debt, because the mortgagor may proceed under the Act of 1903 and pay the debt, obtain an assignment of the bond and the mortgage, and foreclose as though no extension of time were in existence: Joyce, to use, et al. v. Hawtof, 135 Pa. Superior Ct. 30, 34. However, in this case we are not dealing with a mere extension of time given by plaintiff to the terre-tenant, but we are dealing with a complete release of lien on the portion of the premises owned by said Waring. It is now impossible for plaintiff to reassign to defendants any lien upon which they can foreclose against the Waring premises. By filing such release of lien without the consent of defendants they have, in our opinion, extinguished the lien of their judgments.

We, therefore, enter the following

### Decree

And now, June 9, 1943, after argument and due consideration, the judgments entered to nos. 445, 446, 447, and 448, December term, 1938, wherein Winters O. Wendell and Rachel May Wendell, his wife, are defendants, are hereby opened and defendants let into a defense.

NOTE.—The foregoing matter was subsequently submitted to Judge Griffith instead of a jury by stipulation. The court found for defendants and a judgment was entered in their favor.