# Brown's Estate (No. 2).

*Decedent's estates—Claim for money had and received—Evidence—Burden of proof.*

Where it is shown that a decedent received money from a claimant either as a loan or for purpose of investment for claimant, the burden is upon his representatives to show either payment or an accounting.

Argued Nov. 2, 1904. Appeal, No. 193, Oct. T., 1904, by Ella M. Brown, from decree of O. C. Allegheny Co., May T., 1904, No. 54, sustaining exceptions to adjudication in Estate of Joseph O. Brown, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

At the audit it was shown that shortly before decedent's death Mrs. Bessie Craft gave to the decedent $2,000, of which sum $500 was returned before the decedent died. The executrix claimed that the money had been given to the decedent for investment. The auditing judge refused to allow the claim, but on exceptions the claimant was permitted to file a sworn statement that no repayment had been made. The claim was then allowed.

*Error assigned* was in sustaining the exceptions.

*J. Rodgers McCreery*, with him *W. B. Rodgers*, for appellant.

*Walter Lyon* of *Lyon, McKee & Mitchell*, for appellee.

PER CURIAM, December 31, 1904 :

The evidence is clear and the court has found it to be credible, that the decedent received the money from the claimant either as a loan or for purpose of investment for her. He was therefore charged with the burden of showing either payment or an accounting. His sudden death left the matter in obscurity but the burden of proof was still upon his representatives and they have failed to meet it.

Decree affirmed,