## Krewson *v.* Erny, Appellant.

Argued December 10, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Edward A. Hosey, Jr.,* with him *John P. Boland,* for appellant.

*George M. Miller, Jr.,* with him *Conard & Middleton* and *C. Wilfred Conard,* for appellee.

OPINION BY DITHRICH, J., January 18, 1946:

March 15, 1920, Charles G. Erny, defendant, gave the North Philadelphia Trust Company his collateral bond accompanied by warrant of attorney as additional security for a bond and mortgage executed and delivered on the same date to the obligee by Charles D. Eberly and wife. The principal of the mortgage was $3500, payable within two years from the date thereof. The collateral bond written in the penal sum of the same amount was to indemnify and save the obligee harmless from any loss it might sustain by reason of any default in the terms and conditions of the mortgage. By assignments the bond and mortgage and collateral bond came into the ownership of the plaintiff.

The principal on the mortgage loan was not paid at maturity, but interest was paid until 1942. Pursuant to a rule of court, plaintiff petitioned for leave to enter judgment on the collateral bond given by defendant which was more than twenty years old. A rule was granted and after argument was made absolute. Judgment was entered in the sum of $4037.70. Plaintiff then foreclosed on the mortgage and bid in the property at sheriff's sale for $415. When the court fixed the fair value of the property at $3600 the damages were re-assessed by plaintiff, giving credit for the fair value

as fixed by the court and the judgment was reduced to $1285.58. Defendant petitioned for a rule to show cause why the judgment should not be opened. The learned court below held that it would be useless to open the judgment since there was no issue of fact which would require a finding by a jury. From the final judgment discharging the rule defendant appealed.

Appellant questions the ruling of the court below in entering judgment on the bond which was more than twenty years old. He argues that the presumption of payment that arises after twenty years has not been rebutted. The presumption of payment that arises after a lapse of twenty years does not work an extinguishment of the debt but is a presumption merely of fact and amounts to nothing more than a rule of evidence. *Grenet's Estate*, 332 Pa. 111, 2 A. 2d 707. Whether the facts relied upon to rebut the presumption are true is a question of fact for the jury, but whether, if true, they are sufficient to rebut is for the court. *Fidelity Title & Trust Co. v. Chapman*, 226 Pa. 312, 75 A. 428. And where, as in the instant case, it affirmatively appears that the debt has not been paid, "The presumption is rebutted, or, to speak more accurately, does not arise where there is affirmative proof beyond that furnished by the specialty itself, that the debt has not been paid. . . :" *Reed v. Reed*, 46 Pa. 239, 241; *Gilmore v. Alexander*, 268 Pa. 415, 421, 112 A. 9; *Stoer et al. v. Holtz*, 104 Pa. Superior Ct. 579, 585, 158 A. 611.

Appellant contends that before there can be a recovery on an indemnity bond, an actual loss must be shown to have occurred within the term of the bond. It is his theory that his liability is limited to a loss occurring between March 15, 1920, and March 15, 1922, the term for which the bond was written. It is true that the showing of an actual loss is a prerequisite to recovery on an indemnity bond: *Manufacturers & Merchants B. & L. Ass'n. v. Willey*, 321 Pa. 340, 183 A. 789. The actual loss was adequately shown by the itemized re-

assessment of damages, about which there was no dispute. But there is no rule of law which limits the liability on a collateral bond to the term of the mortgage that it secures. "The covenants in a bond should be construed to mean what the parties intended in so far as that intention can be ascertained by the words used: Equitable Trust Co. v. Nat. Surety Co., 214 Pa. 159, 63 A. 699. If, however, the language is not free from doubt, then the circumstances surrounding the making of the bond and particularly the purpose for which it was given, should be taken into account: March v. Allabough, 103 Pa. 335 :" *Manufacturers & Merchants B. & L. Ass'n. v. Willey,* supra, p. 344. The language of the bond in the instant case is free from doubt. The obligor did not specifically limit his liability to a definite period of time, but bound himself to indemnify the obligee from any loss it might sustain by reason of any default under the bond and mortgage. It was admittedly the purpose of the collateral bond and the intention of the parties to provide additional security for the payment of the mortgage loan. To hold that the liability on the collateral bond was limited to the date of the maturity of the mortgage debt, would obviously defeat the purpose of the bond as well as ignore the intention of the parties. The liability on the indemnity bond, therefore, must be construed as co-extensive with the liability on the bond and mortgage.

Appellant's most urgent reason for opening the judgment is to submit the question of an actual loss to a jury. This contention would be of merit if there were issues of fact raised about which there was some dispute. But in appellant's brief of argument he admits that "There are no facts in dispute in the instant case—a pure legal question is presented." And as ably stated by the learned president judge of the court below: "It is evident from the above recital of facts that the plaintiff has given the defendant credit for all items as to which he is entitled to credit. She has itemized all of

the debits and credits, and none of them has been contested, nor are any additions claimed. It would be useless to open this judgment 'to give the defendant a jury trial.' There is nothing that a trial court could submit for the jury's finding. There is no issue of facts raised which would require a finding by a jury. So far as form is concerned there can be no criticism of the judgment. If defendant had wished to challenge any item in the assessment of damages he could have done so. But he has no objection to any of the specific items in the reassessment.

"There is no force in the idea that because the defendant's bond is only $3500 and the property is valued at $3600 he is therefore absolved from liability. The $3500 of the bond was the limitation of the obligation he assumed. It had no relation to the value of the mortgaged premises."

The judgment is affirmed.