## Commonwealth v. Reliance Insurance Co.

*Herbert L. Winkler* and *Vincent C. Nardone*, for plaintiff.

*Charles J. Bufalino, Jr.*, for defendant.

PINOLA, J., November 2, 1959.—Defendant demurs to the complaint, asks for a more specific complaint and seeks to strike the complaint.

Plaintiff brought suit against defendant on a bond given to the sheriff of Luzerne County in connection

with a stay of execution by plaintiff against Charles Bender and Gertrude Bender.

The bond is in the sum of $1,200, conditioned that the "obligors, petitioner and surety, shall indemnify the Commonwealth for all legal damages which may be sustained by reason of said stay of execution."

Plaintiff claims that it would have recovered, if permitted to proceed with its execution against the household goods and furnishings of the debtors, the following:

| | |
|---|---:|
| Principal debt | $494.30 |
| Face costs | 12.25 |
| Interest | 23.60 |
| Sheriff's costs and poundage | 21.85 |
| Total | $552.00 |

According to the complaint, plaintiff "notified defendant of its liability under the bond and demanded payment, but no payment has been made."

Defendant contends that plaintiff has failed to show that it has suffered any loss and that such an averment is required in an action on the bond because it is an indemnity agreement.

Plaintiff, treating the agreement as one of surety, insists that defendant is duty bound to pay as soon as the execution debtors fail to perform, and that when the court ruled that they were not entitled to a stay, defendant's liability became fixed.

We therefore must decide whether the agreement is one of indemnity or one of surety.

While it provides that "petitioner and surety shall indemnify the Commonwealth," it does not follow from the designation of defendant as surety that the contract is actually one of suretyship: McSorley v. Coyle, 40 Pa. Superior Ct. 560. We must be governed by the entire undertaking.

The parties in this case did not use the form usually required by the sheriff. In that form the parties undertake to "deliver up unto the. . . . sheriff all the goods and chattels mentioned in said writ of Fieri Facias whenever they shall be thereunto required by the said sheriff, in as sound and in every way as good condition as when they were first levied on by him, and that without delay . . ."

Although not in the same form, we must assume that this bond is given for the same purpose and that when the stay of execution is terminated, the sheriff is duty bound to proceed with the sale of the goods upon which he has levied. We do not know what became of the goods.

While the contract of a professional surety company should be construed strictly in favor of the obligee (Hess v. Merion Title & Trust Company of Ardmore, 317 Pa. 501), still the covenant in a bond should be construed to mean what the parties intended insofar as that intention can be ascertained from the words used. Only when the language is not free from doubt must the circumstances surrounding the making of the bond, and particularly the purpose for which it was given, be taken into account: Krewson v. Erny, 158 Pa. Superior Ct. 380. The language of the bond in this case is free from doubt.

Counsel for plaintiff insist that in the absence of express language denying an intention to create an obligation of suretyship, under the Act of July 24, 1913, P. L. 971, 8 PS §1, the agreement being to answer for the default of another subjects the obligors to the liabilities of suretyship. Counsel for defendant insists the language is that of indemnity.

The distinction between an indemnity against loss and an agreement of suretyship to answer for another's default, is a substantial one and is firmly embedded in the law: E. P. Wilbur Trust Co. v. Eberts,

337 Pa. 161. Here, as in that case, the parties obliged themselves to "indemnify the Commonwealth for all legal damages which may be sustained." They have not agreed to make payment if the debtors do not.

Accordingly, we hold that the agreement is truly one of indemnity, and therefore the act does not convert the bond into one of suretyship.

Plaintiff, having assumed that the contract is one of suretyship, did not set forth any actual loss. And since the showing of an actual loss is a prerequisite to recovery, we must sustain the demurrer: Burke v. North Huntingdon Twp., 390 Pa. 588; Manufacturers and Merchants Building and Loan Association, 321 Pa. 340.

This disposition renders unnecessary consideration of the other preliminary objections.

Under the circumstances, we enter the following

*Order*

Now, November 2, 1959, at 2 p.m., the preliminary objection in the nature of demurrer is sustained and plaintiff is directed to amend within 20 days from the date hereof.