Emery et ux., Appellants, *v.* Metzner.

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Charles C. Keller,* with him *Peacock, Keller & Yohe,* for appellants.

*Sanford S. Finder,* for appellees.

OPINION BY ERVIN, J., December 17, 1959:

This appeal relates to the interpretation of a contract of indemnity.

On April 17, 1950 B. Irwin Emery and Margaret R. Emery leased from Maurice A. Yorkin et ux. et al., hereinafter called original lessors, three lots of ground on which was erected a building, for a term of 10 years; the lease containing a privilege to assign the same to Main Buick, Inc. In accordance with that privilege the lease was assigned to Main Buick, Inc. on May 1, 1950. Prior to March 19, 1952 B. Irwin Emery and Francis I. Albert were stockholders in Main Buick, Inc. On that date Emery sold his stock therein to Albert D. Metzner. On September 16, 1953, Main Buick, Inc. made a partial assignment of said lease to Alvin Chiri for a term of three years with the privilege of renewing the same for another additional period of three years. Chiri was to pay the rentals directly to the original lessors. The renewal privilege in the said lease provided that the said Alvin Chiri was to give notice of his intention to exercise that privilege to Main Buick, Inc. 90 days before the expiration of the said original term of three years. It also provided for a 10 per cent increase in rental, the differential to be paid to Main Buick, Inc. Alvin Chiri did not

give notice of an intention to renew the lease but he remained in possession of the said premises for the original term of three years and for an additional period of time until May 31, 1957. He paid his rent until and including the month of May 1957, when he vacated the said premises. The present action was brought by the plaintiffs herein to recover from the original defendants the rentals admittedly paid by them to the original lessors for the months of June through November 1957 plus taxes and insurance which became due during that period. The claim of the plaintiffs is based on a contract of indemnity executed by Albert D. Metzner and Dora Metzner, his wife, and Francis I. Albert and Margaret J. Albert, his wife, in connection with securing the consent of B. Irwin Emery and Margaret R. Emery to the assignment of said lease from Main Buick, Inc. to Alvin Chiri.[1] The material part of that indemnity agreement

---

[1] "INDEMNITY AGREEMENT

"WHEREAS, Main-Buick, Inc. was the Assignee of a Lease on a certain lot of ground together with buildings erected thereon in the Borough of Burgettstown, Washington County, Pennsylvania, in which B. Irwin Emery and Margaret R. Emery were the Assignors and the original Lessees, and

"WHEREAS, the said B. Irwin Emery and Margaret R. Emery are liable to the owners of said lot of ground and buildings erected thereon for the payment of said rentals, and

"WHEREAS, Main-Buick, Inc. desires to assign, set over and transfer unto Alvin Chiri the said lease for a term of three (3) years with certain options granted therein for an additional term, and

"WHEREAS, Francis I. Albert and Margaret J. Albert are Stockholders in Main-Buick, Inc., and Albert D. Metzner is a beneficial owner of stock in Main-Buick, Inc., and Dora Metzner is the wife of the said Albert D. Metzner, and they are desirous of having the consent of B. Irwin Emery and Margaret R. Emery to the making and executing of a sub-lease and/or assignment of lease for said premises for a portion of a term with an option for an additional part of the term.

is as follows: "Now THEREFORE, in order to induce B. Irwin Emery and Margaret R. Emery to approve the making of a lease by Main-Buick, Inc. to Alvin Chiri, the undersigned hereby jointly and severally covenant and agree that they will at all times hereafter indemnify B. Irwin Emery and Margaret R. Emery against all claims against them or either of them or on account of any rental payment which they may be required to make for said lot of ground with building erected thereon to the owners thereof in accordance with the terms of said lease and against all costs and expenses which they or either of them may be put in connection with defending any action, claim or demand for such rental."

Procedurally, this case was before the court below on the motion of the original defendants for judgment on the pleadings. The plaintiffs, B. Irwin Emery and Margaret R. Emery, his wife, filed their complaint against Albert D. Metzner and Dora Metzner, his wife, and Francis I. Albert and Margaret J. Albert, his wife. The original defendants filed an answer to the com-

---

"Now THEREFORE, in order to induce B. Irwin Emery and Margaret R. Emery to approve the making of a lease by Main-Buick, Inc. to Alvin Chiri, the undersigned hereby jointly and severally covenant and agree that they will at all times hereafter indemnify B. Irwin Emery and Margaret R. Emery against all claims against them or either of them or on account of any rental payment which they may be required to make for said lot of ground with building erected thereon to the owners thereof in accordance with the terms of said lease and against all costs and expenses which they or either of them may be put in connection with defending any action, claim or demand for such rental.

"Executed by the undersigned this 21st day of September, 1953.

| | |
|---|---|
| (s) Francis I. Albert | (Seal) |
| (s) Margaret J. Albert | (Seal) |
| (s) Albert D. Metzner | (Seal) |
| (s) Dora Metzner | (Seal) |

Witness: (s) R. W. Peacock"

plaint and they also filed a complaint against Alvin
Chiri and brought him in as an additional defendant.
Chiri filed an answer. The court is given wide powers
in ruling upon a motion for judgment upon the plead-
ings. Pa. R. C. P. 1034(b) authorizes such judgment
or order as shall be proper on the pleadings. It is
within the power of the court to grant judgment for
or against the moving party. In disposing of a motion
for judgment on the pleadings the court is confined to
the pleadings and documents properly attached there-
to and cannot consider collateral evidence: *Bogojav-
lensky v. Logan,* 181 Pa. Superior Ct. 312, 320, 124 A.
2d 412.

The covenants in a bond should be construed to
mean what the parties intended in so far as that in-
tention can be ascertained by the words used. If,
however, the language is not free from doubt, then the
circumstances surrounding the making of the bond and
particularly the purpose for which it was given, should
be taken into account: *M. and M. B. & L. Assn. v.
Willey,* 321 Pa. 340, 344, 183 A. 789; *Barratt v. Green-
field,* 137 Pa. Superior Ct. 310, 313, 9 A. 2d 188; *Krew-
son v. Erny,* 158 Pa. Superior Ct. 380, 383, 45 A. 2d
240.

The showing of an actual loss is a prerequisite to
recovery on an indemnity bond: *Mowry v. McWherter,*
365 Pa. 232, 74 A. 2d 154; *M. and M. B. & L. Assn. v.
Willey,* supra.

In the present case there is some ambiguity in the
language used in the indemnity agreement. The words
*"in accordance with the terms of said lease"* (Empha-
sis supplied) found in the next to the last paragraph
of the indemnity agreement might refer to the origi-
nal 10-year lease or to the sublease with Chiri. We
should, therefore, consider the circumstances surround-
ing the execution of the indemnity agreement as we
may gather them from the pleadings and the exhibits

attached thereto. They reveal that on September 21, 1953, the date of the indemnity agreement in question, the Emerys no longer had any interest or hope of benefit in the original lease or in Main Buick, Inc., the original assignee, but only a continuing surety obligation as lessees under the original lease. Standing as a buffer between them and liability under the lease was a going business corporation, Main Buick, Inc., which had assumed the original lease subject to all its terms for the entire term, which would not expire until April 17, 1960. The original defendants, the Metzners and Alberts, as the sole stockholders in Main Buick, Inc., became desirous of selling a considerable portion of its assets and transferring its lease to one Alvin Chiri. It was to get the Emerys' consent and joinder in this transfer that the indemnity agreement was prepared. The pleadings further show that all benefits from the transfer to Chiri were to go to Main Buick, Inc. It was to be free to sell out and dissolve and it had the right to receive the 10 per cent differential in rents in the event of a renewal of the lease by Chiri. The placing of the benefit arising from this transfer is most important. The court below cited the rule that indemnity contracts are to be strictly construed against the indemnitee. Where, however, the indemnitors do receive pecuniary compensation or some other comparable benefit, they should not be able to assert the strict construction of the rule against the indemnitee: *Barratt v. Greenfield*, supra, at page 313. The court below ruled that the agreement was limited to the three-year term given to Chiri. The real purpose of this indemnity agreement, as we view it, is to indemnify the Emerys against loss by reason of any default on the part of Chiri during the term of his lease or any extension thereof. We believe that the court below arrived at the same conclusion as the one just stated but it ruled that Chiri's obligation terminated when he va-

cated the property. With this we cannot agree. When Chiri held over at the end of his three-year term, unless there was some agreement to the contrary he became obligated for an additional term of three years, which would not expire until September 16, 1959. He actually paid the rental until May 31, 1957, when he abandoned the premises, this being, according to our calculations, some eight months after the expiration of his original three-year term. The original lessors accepted these monthly rentals. When a tenant under a lease for a definite term holds over his term without a new agreement, the landlord may, at his option, treat him as a holdover tenant or turn him out as a trespasser: *Pfingstl v. Chenot*, 165 Pa. Superior Ct. 222, 67 A. 2d 649; *Gilbert v. Price*, 18 Pa. Superior Ct. 359. When a lease contains a covenant or option to renew, any holding over, even for a very short time, gives the landlord the right to elect to hold the tenant liable as a tenant for the specified term of the renewal: *Cairns v. Llewellyn*, 2 Pa. Superior Ct. 599. Once the landlord has exercised his option and has indicated his election to treat the tenant either as a hold-over tenant or as a trespasser, he may not alter it: *Hollis v. Burns*, 100 Pa. 206.

The Emerys, in paying the rents for the months of June to November, 1957, inclusive, as well as the insurance and taxes which fell due during that period, could not be considered as mere volunteers because they were obligated to pay the original lessors under the 10-year lease, which did not expire until April 17, 1960. Having paid, they were entitled to be reimbursed under the indemnity agreement which was given, in our opinion, to cover just such a situation. Our disposition of this phase of the matter, however, is not intended to prejudice any rights which the original defendants may have against the additional defendant in this or any other action they may care to institute. If

there is any question as to the ability of Chiri to pay any sums which he may be obligated to pay, it is better that this risk be taken by the indemnitors rather than the indemnitees.

Judgment reversed and here entered for the appellants, B. Irwin Emery and Margaret R. Emery, his wife, against Albert D. Metzner and Dora Metzner, his wife, and Francis I. Albert and Margaret J. Albert, his wife, the appellees, in the sum of $1,238.92 with interest from November 1, 1957.