## Nederostek, Appellant, *v.* Endicott-Johnson Shoe Co.

Argued April 30, 1964. Before JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul A. McGinley,* for appellant.

*E. Drummond King,* with him *Robert B. Doll,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1964:

In this suit for breach of implied warranty of fitness, the court below granted defendants' motion for judgment on the pleadings filed pursuant to Pa. R.C.P. 1034. Therefore, we must consider as presently admitted by defendants all well-pleaded allegations of fact in the complaint. *Smith v. Brown-Borhek Co.,* 414 Pa. 325, 200 A. 2d 398 (1964).

The crucial paragraph in the complaint alleges: "On or about June 14, 1961, the Plaintiff was in the employ of the GIANT PORTLAND CEMENT Co., . . . and on said date Plaintiff commenced wearing a pair of safety work shoes which had been supplied to him by Giant Portland Cement Co., which had been purchased by them from Lehigh Safety Shoe Co. . . ., which shoes were . . . manufactured by the Defendant, Endicott-Johnson Shoe Co."

The complaint continues that as a result of wearing the shoes, plaintiff developed extensive contact dermatitis of the feet and hands.

The court below held: "The word 'supplied' is a broad term and could include any number of relations. When used in the context of plaintiff's complaint, that an employer supplied safety shoes to its employee, we take it to mean something similar to the supply by a government to its soldiers through a supply sergeant. It may be a fringe benefit, but it is not a sale and purchase.

"Resort to the depositions taken in this case supports that connotation for the term. . . ."

We must observe at this point that the court's consideration of the depositions was improper. When ruling upon a motion for judgment on the pleadings, a court may not consider depositions or other collateral evidence. *Emery v. Metzner*, 191 Pa. Superior Ct. 440, 445, 156 A. 2d 627, 630 (1959); *Bogojavlensky v. Logan*, 181 Pa. Superior Ct. 312, 124 A. 2d 412 (1956); 2A Anderson, Penna. Civil Practice §1034.21 (Supp. 1964); 1 Goodrich-Amram, §1034(b)-1 (Supp. 1964).

The court below stated that "supplied . . . could include any number of relations," yet proceeded to grant defendants' motion based upon the court's own limited (and, to plaintiff, most unfavorable) interpretation of one of those relations. This Court cannot hold, on the record which we may consider at this stage of the litigation, that, as a matter of fact or law, plaintiff is excluded from the class of persons to whom the implied warranties extend under the Uniform Commercial Code, April 6, 1953, P. L. 3, §§2-314, 2-315, 2-318, as amended, 12A P.S. §§2-314, 2-315, 2-318 (Supp. 1963), and the developing case law.

Judgment on the pleadings may be entered only in a case which is clear and free from doubt. *Smith v. Brown-Borhek Co.*, supra. The court below indicated

that plaintiff's basic allegation was susceptible of many interpretations. This being so, the relief to be afforded defendants is not final judgment against plaintiff. The entry of judgment on the pleadings, therefore, was improper.*

Reversed and remanded with a procedendo.

---

\* Our present disposition is without prejudice to plaintiff's request (in his brief) for leave to amend.