## LeGrande v. Hazleton Volunteer Firemen's Relief

*George I. Puhak,* for plaintiff.

*Louis G. Feldmann* and *Anthony J. Ciotola,* for defendant.

*Paul E. Waters,* for Commonwealth.

BIGELOW, J., November 23, 1964.—For the purposes of deciding defendant's motion for judgment on the

pleadings, the facts properly averred in plaintiff's complaint and reply must be taken as admitted: Ross v. Metropolitan Life Insurance Co., 403 Pa. 135, 136 (1961).

Lawrence LeGrande died on October 17, 1963. At the time of his death, he was a member in good standing of Heights Fire Company No. 4, one of the volunteer fire companies in the City of Hazleton. At that time he was also a paid member of the Hazleton Fire Department at an annual salary of $4,256, and a member of the Pennsylvania Firemen's Pension Fund and thus entitled to the benefits provided by said Fund. After his death, his widow, plaintiff herein, filed a certificate of his death with Hazleton Volunteer Firemen's Relief Association of Hazleton, Pennsylvania, defendant herein, and demanded payment of $500 due her as the designated beneficiary on the records of Heights Fire Company No. 4, payment of which defendant refused to make. Plaintiff has received from the Pennsylvania Firemen's Pension Fund only the moneys paid into the fund by her deceased husband, and no other benefits.

Defendant's motion for judgment on the pleadings states the following reasons in support thereof:

"3. The Pennsylvania Firemen's Pension Fund of which Plaintiff's husband was a member, receives contributions from the tax on foreign fire insurance companies premiums in accordance with the Act of June 28, 1895, P. L. 408, Section 2, as amended (72 P. S. 2262) to provide pension benefits for paid firemen.

"4. That Act also provides for distribution of premiums taxes to relief fund associations for volunteer firemen, i.e., men who donate their services and serve on a non-paying basis.

"5. The purpose of the aforesaid Act, as clearly demonstrated by the proviso therein, was to provide

separate and distinct benefits for paid firemen and volunteer firemen.

"6. Plaintiff admits in Paragraph 10 of her Reply that her husband was a paid fireman. It was not the intention of the Legislature that a paid fireman could receive benefits as both a paid fireman and a volunteer fireman, as claimed in Plaintiff's Complaint."

In defendant's brief, the question of law involved is stated as follows:

"Can the plaintiff recover under two separate pension funds, one set up for the paid fireman and the other for the volunteer fireman?"

This question does not correctly state the issue raised by the motion for judgment on the pleadings for plaintiff has recovered from the Pennsylvania Firemen's Pension Fund only the moneys paid into that fund by her deceased husband, according to the pleadings. This being the case, it is difficult to follow the reasoning of defendant that the Act of June 28, 1895, P. L. 408, sec. 2, as amended, 72 PS §2262, precludes a paid fireman who is also a member of a volunteer fire company from receiving benefits as a volunteer fireman from the Relief Fund Association of the Volunteer Firemen. The particular section of this act cited by defendant and by the Attorney General of the Commonwealth of Pennsylvania in an informal opinion to the Auditor General of Pennsylvania dated December 19, 1960, attached to defendant's brief, is as follows:

". . . If the fire department consists of paid and volunteer firemen, and the paid firemen shall be covered by a pension fund, then the two-percentum tax aforesaid shall be divided equally between the relief fund association of the volunteer firemen and the pension fund for the paid firemen."

Defendant's position is that to allow plaintiff to recover from both funds would defeat the intention of the act of the legislature set forth above, and that this

would be inequitable. Defendant cites, in addition to the Attorney General's informal opinion referred to above, Firemen's Pension Fund v. Harrisburg, 362 Pa. 432, in support of its position. The question here at issue was not raised in that litigation, nor does the decision furnish any guidance to the court at this time.

Paragraph 5 of plaintiff's complaint sets forth article II, sec. I of the Constitution of Hazleton Volunteer Firemen's Relief Association of Hazleton, Pennsylvania. This paragraph was admitted by defendant's answer. It is clear by the terms of this section and the averment of paragraph 4 of the complaint that Lawrence LeGrande was a member in good standing of Heights Fire Company No. 4, a volunteer fire company of the City of Hazleton and that plaintiff herein would be entiled to whatever benefits the decedent was entitled to by virtue of his membership in the Volunteer Firemen's Relief Association. Defendant does not raise any question as to plaintiff's eligibility to recover as the beneficiary of a deceased volunteer fireman other than that it was not the intention of the legislature to allow a paid fireman, who is also a volunteer fireman, to recover benefits in each capacity. If the Volunteer Firemen's Association had in contemplation to exclude paid firemen from membership in the association or to curtail their benefits otherwise payable, it would appear that some prohibition to this effect would have been embodied in the constitution or by-laws of the Firemen's Relief Association. No such prohibition or limitation is pleaded by the defendant association. The intention of the General Assembly to divide the available moneys from the Foreign Fire Insurance Fund Premium Tax between the paid firemen's pension fund and the volunteer firemen's relief fund association cannot be extended to establish eligibility for membership in the association in the manner claimed by the Attorney General and defendant.

"The court is given wide powers in ruling upon a motion for judgment upon the pleadings. Pa. R.C.P. 1034(b) authorizes such judgment or order as shall be proper on the pleadings. It is within the power of the court to grant judgment for or against the moving party.": Emery v. Metzner, 191 Pa. Superior Ct. 440, 445.

In the case at bar plaintiff has established her husband's membership in defendant association and her right as her deceased husband's duly designated beneficiary to receive from defendant association the death benefit payable under its constitution. No meritorious defense to plaintiff's claim has been pleaded by defendant. Therefore, judgment will be entered for plaintiff.

### Order

Defendant's motion for judgment on the pleadings is denied and judgment is entered for plaintiff in the amount of $500 dollars with interest and costs.