J-A24026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARLYN M. ZAWROTNY, EXECUTRIX OF THE ESTATE OF EMILY A. CLARK, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAYMOND J. CLARK | |
| Appellee | No. 3015 EDA 2015 |

Appeal from the Judgment Entered December 8, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-29461

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 26, 2017**

Marlyn M. Zawrotny, executrix of the estate of Emily A. Clark, Deceased, ("the Estate") appeals from the judgment entered on December 8, 2015, in the Montgomery County Court of Common Pleas, in favor of Raymond J. Clark and against the Estate.  On appeal, the Estate raises weight and sufficiency claims.  Upon review, we vacate the judgment and remand for further proceedings.

The facts and procedural history are summarized from the certified record as follows.  Emily A. Clark ("Decedent") gave her son, Raymond J. Clark ("Son"), three checks in the amount of $20,000.00 each, totaling $60,000.00, so that he could pay premiums on a John Hancock Life Insurance Company policy that was owned by him on the life of Decedent.

*See* Complaint, 10/19/2011, at ¶ 4.[1] On the memo of each check, the word "loan" was written. *See id.* at Exhibit A.

On August 21, 2011, Decedent passed away. Her other child, Marlyn M. Zawrotny ("Daughter"), was named executrix of the Decedent's will. The Estate alleged Son never repaid his mother for this "loan." On October 19, 2011, the Estate filed a lawsuit against Son, seeking the amount owed.

On February 1, 2012, Son filed an answer and new matter. He admitted the money received was a loan but stated he "fully repaid the loan to his mother, Emily A. Clark, prior to her death, according to the terms of the loan." Answer with New Matter, 2/1/2012, at ¶ 6.

The case proceeded to a bench trial on July 9, 2015. At the conclusion of the trial, the court found in favor of Son and against the Estate. The Estate filed a motion for post-trial relief. Oral argument was held, and the court denied the motion on September 14, 2015. The Estate then filed a notice of appeal on October 5, 2015.[2]

On October 30, 2015, this Court, in a *per curiam* order, observed that no judgment had been entered on the trial docket. *See* Order, 10/30/2015. Accordingly, the order directed the Estate "to file with the Prothonotary of

---

[1] The policy had the face value of $1,200,000.00.

[2] On October 16, 2015, the trial court ordered the Estate to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Estate filed a concise statement on November 3, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 22, 2016.

the Superior Court within ten days a certified copy of the trial court docket reflecting the entry of the judgment." **Id.** The order also warned the Estate "that failure to comply with these directives may result in dismissal of this appeal without further notice." **Id.** (citation omitted).

The Estate's *praecipe* for judgment was rejected by the Montgomery County Prothonotary's Office for procedural defects on November 19, 2015, November 24, 2015, and December 1, 2015. **See** Trial Court Opinion, 2/22/2016, at 2. On December 8, 2015, the Estate successfully requested entry of judgment, and then filed a direct appeal. The trial court requested this Court quash this appeal because the Estate did not file a timely *praecipe* for entry of judgment. **See id.** at 1-2 (stating quashal should be imposed because: (1) the Estate prematurely filed the appeal prior to entry of judgment; and (2) the Estate did not properly request entry of judgment until well outside the time limitations afforded by this Court in our October 30, 2015, order). The trial court also indicated the Estate failed to comply with Pennsylvania Rule of Appellate Procedure 1911 by failing to request transcripts and stated it did not have the July 9, 2015, trial transcript to prepare its opinion. **See** Trial Court Opinion, 2/22/2016, at 1-2.

On appeal, we declined to quash, stating:

> "[I]n the interests of judicial economy, we shall 'regard as done that which ought to have been done.'" **Peterson v. Schreiner,** 822 A.2d 833, 835 n.1 (Pa. Super. 2003), *quoting* **McCormick v. Northeastern Bank of Pennsylvania**, 561 A.2d 328, 330 n.1 (Pa. 1989). While not in direct compliance with our October

30, 2015, order, the Estate did eventually succeed in filing a *praecipe* for judgment.

***Zawrotny v. Clark***, __ A.3d __, [3015 EDA 2015] (Oct. 4, 2016) (unpublished memorandum at 4).  Consequently, we remanded the matter for the Estate's counsel to ensure that the July 9, 2015, trial transcript was prepared and filed, and for the trial court to provide a Rule 1925(a) opinion addressing the substantive issue on appeal.  ***Zawrotny***, __ A.3d __, [3015 EDA 2015] (Oct. 4, 2016) (unpublished memorandum at 5).  Subsequently, the trial court complied with our directive and filed a Rule 1925(a) opinion on October 26, 2016.  We may now address the merits of the Estate's appeal.

The Estate raises the following claim:

Whether the weight and sufficiency of the evidence presented by [the Estate] established a presumption of loan and lack of repayment?  [Son] chose to introduce no evidence rebutting loan or proving any repayment.

Estate's Brief at 2 (some capitalization removed).  Specifically, the Estate asserts:

[The Estate] established [a] $60,000.00 loan was made by decedent to [Son] by way of three $20,000.00 installments on June 29, 2009, September 30, 2009 and August 25, 2010. Furthermore, in his answer [Son] admitted these loans were made.  No issue has been raised as to whether there is the presumption of gift, or whether payments in question were a gift to [Son].

This Court has found individual notations, or memo indicating "loan" establishing the existence or presumption of the loan to the individual in question.  Estate of Andrews, 92 A.3d

- 4 -

1226 (Pa. Super. 2014); See also, <u>Hornyak v. Sel</u>, 629 A.2d 138 (1993).

This Commonwealth recognizes a presumption that, after [a] lapse of twenty years, all debts, including judgments, have been paid. However, prior to the lapse of twenty years, the debtor has [the] burden of proving that debt has been paid. <u>Rosenbaum v. Newhoff</u>, 152 A.2d 763 (1959).

Here, the loan has been established and admitted by [Son]. [The Estate] has provided testimony and evidence that there are no records of satisfying that loan. <u>In Estate of Andrews</u>, 92 A.3d 226 (Pa. Super. 2014), the Court specifically found that checks made payable to the original Executrix indicating "loan" in the memo established a loan to the Executrix. Her failure to attempt to recoup those assets for the Estate, where a derogation of her fiduciary duty to garner estate's assets. Failure to do so resulting in removal of individual as Executrix of the Estate.

Since the existence of the loan was admitted and not contested, the weight of the evidence establishes [the] loan. [The Estate] provided evidence establishing lack of proof of repayment of loan. [Son] introduced no evidence for the fact finder to weigh regarding any repayment. Failing to provide any evidence, not even [Son]'s own statement regarding repayment, deprives the fact finder of any evidence to weigh on behalf of [Son]. Furthermore, the fact finder has not been provided with any evidence with which to sufficiently find in favor of [Son].

*Id.* at 7-8.

We begin with our well-settled standard of review. Our review of a non-jury case is:

limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the

light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected. "With regard to such matters, our scope of review is plenary as it is with any review of questions of law." *Id.*

*Hart v. Arnold*, 2005 PA Super 328, 884 A.2d 316, 330-331 (Pa. Super. 2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006) (citations omitted). "The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." *Id.* (citations omitted). "Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court." *Tagliati v. Nationwide Insurance Co.*, 720 A.2d 1051, 1053 (Pa. Super. 1998), *appeal denied*, 559 Pa. 706, 740 A.2d 234 (1999).

…

"Our standard of review [of an order] denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion." *Angelo v. Diamontoni*, 2005 PA Super 120, 871 A.2d 1276, 1279 (Pa. Super. 2005), *appeal denied*, 585 Pa. 694, 889 A.2d 87 (2005) (citation omitted).

*Christian v. Yanoviak*, 945 A.2d 220, 224-225 (Pa. Super. 2008).

Moreover, "[w]hen reviewing the sufficiency of the evidence ... this Court must determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the factfinder to find against the losing party." *Zeffiro v. Gillen*, 788 A.2d 1009, 1013 (Pa. Super. 2001) (citation omitted).

A sufficiency analysis, whether in the context of an appeal from the granting of judgment n. o. v. or compulsory non-suit, must

begin by accepting the credibility and reliability of all evidence, viewed in the light most favorable to the verdict winner regardless of whether the appellant thinks that the evidence was believable. *See Mahan v. Am-Gard, Inc.*, 2003 PA Super 510, 841 A.2d 1052 (Pa. Super. 2003). Alternatively, a claim that the verdict was against the weight of the evidence concedes that the evidence presented by the verdict winner was sufficient to satisfy the elements of the cause of action but contends that the evidence was unreliable and untrustworthy to such a degree that a verdict based upon it would shock one's sense of justice, and, therefore, a new trial would be necessary to cure the injustice. *See West*, 803 A.2d at 759. Further, under the standard of review for challenges to the weight of the evidence, this Court is under no obligation to view the evidence in a light most favorable to the verdict winner. *Pittsburgh Constr. v. Griffith*, 2003 PA Super 374, 834 A.2d 572, 584 (Pa. Super. 2003).

*Morin v. Brassington*, 871 A.2d 844, 851 (Pa. Super. 2005).

Initially, as the Estate points out, we agree that, in his answer, Son admitted the three checks constituted "loans." *See* Son's Answer with New Matter, 2/1/2012, at ¶¶ 6-7 ("6. Denied. It is specifically denied that despite demand for payment having been made by [the Estate], [Son] has refused and/or neglected to repay **the referenced loan**, with interest. To the contrary, [Son] fully repaid **the loan** to his mother, Emily A. Clark, prior to her death, according to the terms of the loan. Strict proof to the contrary is demanded. 7. Denied. It is specifically denied that **the loan** described in the Complaint is due and owing. To the contrary, [Son] repaid **the loan**. Strict proof to the contrary is demanded.") (emphasis added).[3]

_____

[3] *See also* Son's Pre-Trial Memorandum, 6/17/2015, at 1 ("Emily Clark loaned [Son] Sixty Thousand Dollars ($60,000.00) to assist him in paying
*(Footnote Continued Next Page)*

As provided in **Pocono Summit Realty, LLC v. Ahmad Amer, LLC**, 52 A.3d 261 (Pa. Super. 2012), averments of fact properly pleaded by the adverse party "must be taken as true, or as admitted, unless their falsity is apparent from the record." **Id.** at 267 (emphasis removed) (citation omitted).[4] Here, the record supports the fact that Son considered these checks as loans, where Decedent gave Son the checks so he could pay premiums on a life insurance policy, owned by him, but taken out on her life, and the memo line on each check stated "loan." **See** Complaint, 10/20/2011, at Exhibit A. Moreover, the trial court also deemed the checks were "loans" in its Rule 1925(a) opinion. **See** Trial Court Opinion, 10/26/2016, at 3 ("As fact finder, the trial court properly ruled in favor of [Son] on [the Estate's] action to collect the **loaned** monies.") (emphasis added).[5] Therefore, we reject any argument by Son that this admitted fact is still in dispute. **See** Son's Brief at 10-11.

Second, we note that while legal authority is limited on the subject, case law has repeatedly held that the burden of showing repayment of a loan is on the debtor. For example, in **Snyder Estate**, 84 A.2d 318, 319

_(Footnote Continued)_ ───────────────

the premiums for the aforementioned policy. The loan was advanced to [Son] in three (3) Twenty Thousand Dollar ($20,000.00) installments[.]").

[4] **See also Hodge v. Me-Bee Co.**, 240 A.2d 818, 821 (Pa. 1968) (noting loan could be established where the complaint alleged the existence of the loan and the answer explicitly admitted this fact).

[5] **See also** Trial Court Opinion, 10/26/2016, at 2.

(Pa. 1951), the decedent left a will, which gave all his estate to his wife. At the audit, the decedent's father, the claimant, presented eight judgment notes, totaling $3,700.00, which he alleged were loans he and his wife gave to the decedent. The court noted:

> The auditing judge, who saw and heard the witnesses, believed claimant's testimony that the notes had never been paid and allowed the claim; and his findings and decision were approved by the court in banc. "… 'the possession of an instrument in writing for the payment of money affords proof, prima facie, of a right in the holder to recover upon it according to its terms. The holder is not required to prove that it has not been paid. His case is made by his production of the instrument in the first instance, and the burden of showing payment is on him who alleges it'": *Cauffiel v. Glenn,* 345 Pa. 181, 184, 27 A. 2d 30.
>
> …
>
> Long lapse of time, plus facts and circumstances from which an inference of payment may be legitimately inferred, raise a presumption of payment, but "the presumption of payment… does not work an extinguishment of the debt…. *It is a presumption merely of fact,* and amounts to nothing more than a rule of evidence which reverses the ordinary burden of proof and makes it incumbent upon the creditor to prove,… that the debt was not actually paid. *This burden may be met by direct testimony as to non-payment,* or by proof of circumstances tending to negative the likelihood of the claim having been [paid or] satisfied and explaining the delay of the creditor in attempting to enforce it…": *Grenet's Estate,* 332 Pa. 111, 113, 2 A. 2d 707. Evidence sufficient to raise a presumption of payment cannot prevail against positive credible evidence of non-payment: *Grenet's Estate,* 332 Pa. 111, 2 A. 2d 707; *Sheafer v. Woodside,* 257 Pa. 276, 101 A. 753; *Krewson v. Erny,* 158 Pa. Superior Ct. 380, 382, 45 A. 2d 240.

**Snyder Estate**, 84 A.2d at 320-321 (emphasis in original). **See also**

**Brown's Estate**, 60 A. 149, 149 (Pa. 1904) (*per curiam*) ("The evidence is clear and the court has found it to be credible, that the decedent received

the money from the claimant either as a loan or for purpose of investment for her. He was therefore charged with the burden of showing either payment or an accounting. His sudden death left the matter in obscurity but the burden of proof was still upon his representatives and they have failed to meet it."); **Rosenbaum v. Newhoff**, 152 A.2d 763, 765-766 (Pa. 1959) ("After the lapse of twenty years, all debts ... not within the orbit of the Statute of Limitations are presumed to have been paid.... *Until* the passage of twenty years it is the burden of the debtor to prove payment; *after* the passage of twenty years, it is the burden of the creditor to establish nonpayment and for the satisfaction of such burden the evidence must be clear and convincing and must consist of proof other than the specialty itself…. If, during the twenty year period, the creditor has made an attempt *in good faith* to enforce the judgment by the institution of legal process; such action on the part of the creditor is sufficient to prevent the creation of the presumption of payment and the burden remains upon the debtor to affirmatively establish payment of the judgment[.]") (citations omitted and emphasis in original); **Wyatt v. Mt. Airy Cemetery**, 224 A.2d 787 (Pa. Super. 1966) (relies on **Rosenbaum**).

Here, the trial court found the following:

As fact finder, the trial court properly ruled in favor of [Son] on [the Estate]'s action to collect the loaned monies. As explained by the trial court, even assuming that the checks at issue were loans, [the Estate] failed to establish the repayment terms of the loan. In order for the court to find either non-payment or repayment, the court needed to know the parties'

- 10 -

agreement with reference to how and when the loaned money had to be re-payed. [The Estate] was unable to provide such evidence thereby precluding recovery on the terms of the oral contract. The court explained,

THE COURT: All right. The problem – I find that [the Estate] has not met their burden of proof. I find in favor of [Son].

The problem you've got is you have no proof of the terms of the loan, the terms of repayment. We just know none of this. So you just haven't met your burden. Thank, you.

(*Please See, Notes of Testimony from Bench Trial, 7/7/15, pg. 79*)[.]

This point was further reiterated on the record at Post-Trial Motion argument.

MR. WATT [the Estate's counsel]: So my basic position, Your Honor, is that I established – I met my burden of introducing the checks with the loan. By the way, the loan was admitted in the pleadings in the paragraphs in front of you.

In point of fact, Your Honor, I actually went beyond that and presented the evidence of the bank accounts of the decedent to show that there wasn't payment, at least by check, of the $60,000 in the loan because, if you recall, I went through all of the deposits with the witness and none of them were checks from [Son. …]

MR. MULLANEY [Son's counsel]: Your Honor, same arguments that apply at trial. I think at no fault of Mr. Watt's it's just a case that can't be proven because, like it or not, even if you were to agree that these checks were loans, there's no way the Court can determine whether or not there was a repayment, whether there was forgiveness, a partial payment, partial forgiveness. You just can't get around that.

THE COURT: We just have no terms.

- 11 -

MR. MULLANEY: Nothing.

THE COURT: That was part of my struggle was we have a notation that says "loan," but we don't know what that means. We don't know what kind of loan. We don't know whether there was forgiveness of that loan at some point in time. It just leaves too much up to speculation. […]

THE COURT: So, that cause[d] me a lot of concern and that's why I held the way I did. […]

THE COURT: […] Maybe it was paid back. Maybe it was paid back in a different way. Just because you did go and show the bank account, that was one bank account. There was just too many --- too much up in the air for me. I know you don't always get the benefit of knowing our reasoning, but I think that that really is a lot of reasoning that went into the decision.

(*Please See, Notes of Testimony from Post-Trial Motion Argument, 9/14/15, pgs. 4-6*)

Thus, [the Estate] had the burden of showing an oral contract/loan and its' terms, including [the Estate]'s promise to loan the money and [Son]'s promise to pay the money back. [Son] admitted that the Decedent loaned him the money. However, [the Estate] presented absolutely no evidence concerning [Son]'s promise to repay the same. The court had no way of knowing if the loan was to be paid back by check only, cash only, a combination of the two, by other means, into a different bank account, by a certain date, paid in full or in part, etc? There are just too many unanswered questions. [The Estate] provided no evidence showing a meeting of the minds concerning the terms of repayment so that the court could determine if such terms had been fulfilled.

As explained by the trial court above, [the Estate] presented evidence that established [Son] was given three (3) loans by the Decedent in the amount of $20,000.00 each for a total of $60,000.00. The Plaintiff/Estate contended that the monies were never paid back as evidenced by the fact that the records from the Decedent's bank account failed to show any checks/deposits from [Son] paying back those monies. [The Estate] also argued that the loan could not have been paid back

- 12 -

in cash because the cash in the Decedent's home dwindled, rather than increased, prior to her death. These vague allegations were presented in the form of bank records and the testimony of the Estate/Executrix and sole beneficiary under the will, Decedent's daughter, Marilyn M. Zawrotny. However, such assertions even if believed, did not advance the case, because, [the Estate] failed to establish that [Son] was obligated to pay back the loans in either of those ways.[1] It is entirely possible that the parties agreed to have [Son] repay the loan in a different way, a combination of ways, pay it partially, or even forgive the loan at some point. The evidence, as provided, could lead only to the court's speculation.[2]

_____

[1] The trial court notes that, given the cross-examination of Ms. Zawrotny on pages 33-46 of the Notes of Testimony from 7/9/15, it was not persuaded by Ms. Zawrotny's claims concerning any missing cash.

[2] Please note, on appeal [the Estate] contends that [Son] failed to present any evidence showing [Son]'s repayment. In response, the trial court cites to the Notes of Testimony from 7/29/15, pgs. 56-62, and the testimony of subpoenaed witness David Eckhart whom the court found credible and persuasive establishing a cash payment from [Son] to Decedent. However, given the analysis herein, the trial court did not utilize such testimony.

Trial Court Opinion, 10/26/2016, at 3-6.

Based on the case law, we are constrained to disagree with the court's conclusion for several reasons. First, the court incorrectly placed the burden on the Estate to prove repayment of the loan when **Snyder Estate**, and the other cases, explicitly provide that it is the burden of the debtor, here Son, to do so.[6] Furthermore, we find the evidence regarding Decedent's bank

_____

[6] It also merits mention that the trial court did not provide any case law to support its analysis regarding who carries the burden to show repayment.

account, which demonstrated a lack of any checks/deposits from Son in repayment of those loans, did not constitute vague allegations, as the trial court suggests. The Estate again was attempting to adhere to the principles of **Snyder Estate**, which provided that the Estate may show the debt was not paid "by proof of circumstances tending to negative the likelihood of the claim having been paid or satisfied[.]" **Snyder Estate**, 84 A.2d at 320.

Second, the court improperly focused on the terms of repayment and engaged in speculation while providing no authority that a loan is not enforceable unless such terms are provided for and proven. The issue in this case is that there was an outstanding loan, and Son, as the debtor, carried the burden of proving he repaid Decedent the money owed to her. The Estate was not required to demonstrate the terms of the loan before it could establish Son breached the loan agreement.

Because the court improperly placed the burden on the Estate to prove repayment of the loan, we are compelled to vacate the December 8, 2015, judgment. Accordingly, we remand for the trial court to analyze the matter pursuant the correct burden of proof regarding the Estate's claim.

Judgment vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/26/2017</u>