## Coleman, Appellant, v. Bradford.

Argued October 7, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas R. Eddy,* for appellant.

*R. T. Mutzabaugh,* with him *F. M. Nash,* and *Nash & Nash,* and *Mutzabaugh & Mutzabaugh,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 10, 1964:

Plaintiff brought an action of assumpsit against the City of Bradford under an agreement of indemnity. The lower Court dismissed his claim. Plaintiff appeals, although it is not clear from the record whether he is appealing from an order, or a judgment, or a decree of the lower Court, since that Court used each of these words from time to time, or interchangeably.

The Department of Forests and Waters agreed to widen, deepen and improve the East Branch of Tunungwant Creek, which runs through the City of Bradford, on condition that the City, inter alia, indemnify the Commonwealth of Pennsylvania. Thereupon the City adopted a resolution which pertinently provides: ". . . the said City Council of the said City of Bradford do hereby guarantee *to indemnify, protect and save free\** the Commonwealth of Pennsylvania, Department of Forests and Waters, and/or *its contractors* and agents jointly and severally *from* and against any and *all claims, damages, demands, or actions in law* or in eq-

---

\* Italics throughout, ours.

uity *resulting from any damage to property,* public or private, by reason of the aforesaid work."

The work was so negligently done that Pascarella et al., who were the owners of the Bradford Hotel, recovered a verdict of $23,707, with interest, against a number of defendants, including Coleman, the plaintiff herein.

In *Pascarella v. Kelley,* 378 Pa. 18, 105 A. 2d 70, this Court reversed the verdict and judgment against all of the defendants who had been sued by the Bradford Hotel, with the exception of Coleman, who was not a party to that appeal. The relevant reason and basis for this Court's reversal in the *Pascarella* case is contained in the Opinion of the Court (page 20): "There was no evidence definitely or even by inference pointing to the fact that the bulldozer or equipment of S. A. Whitney & Company caused the injury to the building. In fact, the direct evidence was that it [the damage to the Hotel] was caused by Coleman's bulldozer . . . ."

It is highly important, as we shall see, that Coleman, the plaintiff herein, but defendant in the *Pascarella* case, has never paid any part of the judgment entered against him in the *Pascarella* case; nor has any execution been levied against him or his property.

The crucial issue in this case is whether the Resolution of the City of Bradford is a contract of indemnity against liability or a contract of indemnity against loss. The lower Court held, and we agree, that *it was a contract of indemnity against loss,* and since no loss has been suffered by Coleman, no recovery can be had by him under the indemnity contract given by the City of Bradford to the Commonwealth of Pennsylvania.

In *Fair Oaks Building & Loan Association v. Kahler,* 320 Pa. 245, 181 A. 779, the Court, quoting from *Faulkner v. McHenry,* 235 Pa. 298, 83 A. 827, said (page 254): ". . . '. . . Where the indemnity is against

liability there is a right of recovery as soon as a liability is incurred; *where it is against loss* by reason of a liability *there is no right of recovery until a loss occurs* . . . . In 16 Am. & Eng. Ency. of L. (2d ed.) 178, the rule is thus stated, *"where the contract is strictly one of indemnity the indemnitee cannot recover until he has suffered actual loss or damage;* the mere incurring of liability gives him no such right; but where the contract is to protect against liability, the indemnitee may recover as soon as his liability has become fixed and established, even though he has sustained no actual loss or damage at the time he seeks to recover." ' "

In *Wilbur Trust Co. v. Eberts,* 337 Pa. 161, 10 A. 2d 397, the Court construed an indemnity agreement which is very similar in its language and coverage to the resolution of the Council of the City of Bradford. The Court said (page 167) : ". . . the distinction between an indemnity against loss and an agreement of guaranty or suretyship, to answer for another's default, is a substantial one and is firmly imbedded in our law. Here appellees obligated themselves to *'save, keep harmless and indemnify* . . . of and from all actions, costs, damages, losses . . .'. The language of the bond is that of indemnity, not suretyship. . . ." Accord: *Burke v. North Huntingdon Township,* 390 Pa. 588, 136 A. 2d 310 (footnote page 598) ; *Emery v. Metzner,* 191 Pa. Superior Ct. 440, 445, 156 A. 2d 627, 630; 2 Williston on Contracts (Rev. Ed.) §402, p. 1157, §403, p. 1159; cf. also: *Pittsburgh's Petition,* 243 Pa. 392, 398, 90 A. 329.

Order affirmed, without prejudice to further proceedings by Coleman, if loss occurs.

Mr. Justice COHEN concurs in the result.