**Resource America Inc. v.
Certain Underwriting Members of Lloyd's
Subscribing to Policy No. ***/**********

*Steven A. Arbittier,* for plaintiffs.
*Jonathan Dryer* and *Patrick K. Carey,* for defendant.

SHEPPARD JR., *J.,* February 25, 2005—This court previously considered cross-motions for summary judgment and entered an order granting summary judgment for plaintiffs and against defendant on Count I for breach

of contract, and dismissing the remaining counts of the complaint (the prior order).[1] Plaintiffs now move for judgment to be entered on their breach of contract claim in the amount of $1,914,955, plus pre- and post-judgment interest at the statutory rate.

The amount plaintiffs request is equal to that portion of the $7 million settlement of the underlying class litigation that remains unfunded after plaintiffs' primary and first excess insurers paid the limits of their policies. Lloyd's was plaintiffs' second excess carrier, and the court held it liable (within the limits of its $4 million excess policy) to contribute to the settlement.

Lloyd's objects to plaintiffs' proposed judgment amount on several grounds, none of which have merit.[2] First, Lloyd's claims that it should not have to provide coverage for the settlement because plaintiffs never paid any portion of the settlement amount and, therefore, the settlement does not constitute a "loss" covered by the policy. Lloyd's relies heavily upon a 30-year-old case in which our Supreme Court held, with respect to an indemnity agreement between two governmental entities, that:

"Where the indemnity is against liability there is a right of recovery as soon as liability is incurred; *where it is against loss* by reason of a liability *there is no right of recovery until a loss occurs.*" *Coleman v. Bradford,* 415 Pa. 557, 559-60, 204 A.2d 260, 261 (1964). (emphasis in original)

---

1. For purposes of this opinion, the court incorporates those defined terms and legal conclusions reached in the prior order.

2. In addition to three new arguments that Lloyd's raises in opposition to the present motion, Lloyd's also attempts to re-argue its claim that the two-tiered settlement of the underlying class action was improper. For the reasons set forth in the prior order, this court rejects this argument.

However, a mere two years later, the same court[3] held just the opposite with respect to insurance contracts when it found that requiring the insured to pay a judgment before he could assert a claim against his recalcitrant insurer "would be to impair the usefulness of insurance for the poor man." *Gray v. Nationwide Mutual Insurance Co.,* 422 Pa. 500, 506, 223 A.2d 8, 10 (1966). This distinction between contracts of indemnity and contracts of insurance continues to be recognized by the courts in Pennsylvania:

"The insured left to fend for himself should be able to negotiate a settlement which will protect his interests. If the injured party cannot acquire the right to bring suit against the insurer, he will not be willing to enter into such a settlement agreement. The injured party likewise would be hampered by a prepayment rule, for as was stated in *Gray* if the insured is insolvent there would be no need for the insurance company to act, if the only cause of action available requires payment of a judgment before it is actionable." *Barr v. General Accident Group Insurance Co.,* 360 Pa. Super. 334, 341, 520 A.2d 485, 488 (1987).

Therefore, when the plaintiffs entered into the settlement, they suffered a loss for which they are entitled to coverage from Lloyd's.

Lloyd's second argument questions the adequacy of the proofs submitted by plaintiffs in support of the amount claimed. Basically, the two-tiered settlement contains a promise that plaintiffs will pay the class $7 million if plaintiffs are able to obtain coverage from Lloyd's, but

---

3. The same seven justices heard both cases. However, the chief justice, who wrote the opinion in *Coleman,* dissented without opinion in *Gray.*

plaintiffs will pay the class only $6 million if no coverage exists. The court held in the prior order that Lloyd's is required to provide coverage, so under the terms of the settlement, plaintiffs, or more accurately their insurers, must pay the class $7 million.

As in-house counsel for plaintiffs has attested,[4] plaintiffs' primary and first excess carriers paid $5,085,005 towards the settlement, but at that point their coverage was exhausted.[5] $7 million minus $5,085,005 is $1,914,995. Therefore, the court finds that plaintiffs have proffered sufficient proof that that they are entitled to the sum certain of $1,914,995 from Lloyd's.[6]

Lastly, Lloyd's contests whether plaintiffs are entitled to receive pre-judgment interest on the insurance proceeds that Lloyd's improperly refused to pay.

"(1) If the breach [of contract] consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is

---

4. By submitting a sworn statement to the court, in-house counsel has put himself under penalty of perjury for any misstatement as to the amount that the other insurers paid. Furthermore, as an attorney, he is well aware that he has a duty of candor to the court. Therefore, the court sees no reason to distrust his statements, and they serve as sufficient proof of the judgment amount requested by plaintiffs.

5. The legal fees that plaintiffs incurred in defending the underlying class action were paid by their primary insurer, which explains why the amount of the settlement covered by the primary and first excess insurer was less than the full $6 million in coverage for which those two insurers were liable.

6. Although Lloyd's makes much of the fact that plaintiffs are still accruing damages in the form of legal fees incurred in prosecuting this action, plaintiffs have not requested reimbursement for such damages from Lloyd's. Instead, under the terms of the settlement, they will receive reimbursement for half of such fees out of the judgment proceeds awarded in this action.

recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.

"(2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due." Restatement (Second) Contracts §354 (1981).

Lloyd's breach of its insurance contract with plaintiffs occurred on November 30, 2001, when it refused to give its consent to, and refused to pay its ascertainable portion of, the settlement. Therefore, plaintiffs are entitled to interest on the judgment amount from that date.

### CONCLUSION

For these reasons, plaintiffs' motion for assessment of damages on Count I of the complaint is granted.

### ORDER

And now, February 25, 2005, upon consideration of plaintiffs' motion for assessment of damages, the defendant's response, the briefs in support and opposition, all other matters of record, after a conference, and in accord with the opinion being filed contemporaneously with this order, it is ordered that the motion is granted. Judgment is entered for plaintiffs and against defendant on Count I of the complaint in the amount of $1,914,955, plus pre-judgment interest at the statutory rate of 6 percent per annum from November 30, 2001, to the date of entry of this order. It is further ordered that plaintiffs are entitled to post-judgment interest at the statutory rate of 6 percent per annum from the date of entry of this order until the judgment is paid in full.